[S. F. No. 10075.  In Bank.—January 22, 1923.]

In the Matter of the Estate of GUSTAVUS W. DORN,
Deceased.  JOHANNA F. AHLBORN et al., Appel-
lants, v. SADIE P. DORN, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST BEFORE PROBATE—
EFFECT OF JUDGMENT.—A judgment in a will contest before pro-
bate is only conclusive with respect to the question of the *ad-
mission* of the will to probate, and is not a final adjudication of
the validity of the will.

[2] ID.—CONTEST BEFORE PROBATE — NONPARTICIPATING HEIRS—RIGHT
OF CONTEST AFTER PROBATE.—In view of sections 1327 and 1333 of
the Code of Civil Procedure, a will which has been admitted to
probate after contest by certain heirs may be contested at any
time within one year after such probate by other heirs who did not
participate in such contest.

APPEAL from an order of the Superior Court of Ala-
meda County dismissing a petition for revocation of the
probate of a will.  E'. C. Robinson, Judge.  Reversed.

The facts are stated in the opinion of the court.

Wm. H. Chapman, Edwin L. Forster and Franklin T.
Poore for Appellants.

Welles Whitmore for Respondent.

MYERS, J.—In this case a will had been offered for pro-
bate, and a contest thereto, before probate, had been filed
by two children of the testator, alleging various grounds
of contest.  This contest was tried, resulted adversely to
the contestants, and the will was thereupon admitted to
probate.  Within a year thereafter another child of the
testator filed a petition for revocation of the probate, upon
substantially the same grounds which had been alleged in
the contest before probate.  The trial court dismissed this
petition on motion, on the ground that the judgment in
the contest before probate, being a proceeding *in rem,* was
conclusive upon all persons interested in the estate, whether
they participated in that contest or not.

[1] Respondents rely upon the authority of *Estate of Allen,* 176 Cal. 632 [169 Pac. 364], but that case is not in point here. In that case a contest had been filed before probate by one of the heirs, and determined adversely to the contestant. The trial court was about to enter a judgment upon the verdict admitting the will to probate when a second contest was filed by another heir, alleging the same grounds. The trial court dismissed the second contest, upon motion, upon the ground that all of the heirs were concluded by the contest already determined. This court affirmed that order, saying: "The probate of a will is a proceeding *in rem,* binding on all persons interested in the will who, being constructively notified to appear at the probate, might have come in, and who, had they come in, would have been heard for or against the will."

What is there said must be read in the light of the questions then before the court. The proceeding there referred to was a proceeding for the *admission* of the will to probate. The notice there referred to was, in effect, a notice to the heirs to appear and show cause why the will should not be *admitted* to probate. The judgment admitting the will to probate would have been equally binding upon all persons interested in the estate if no contest had been filed. But it is binding, in either case, only with respect to the question involved in that proceeding, which is the question of the *admission* of the will to probate.

The effect of that decision is merely this: That where a contest is filed at the time of the hearing of an application for probate of a will, and is determined adversely to the contestant, other heirs cannot then come in and file a new contest before probate and have a hearing thereon; they have had their day in court, an opportunity to join forces with the original contestant or to file other grounds of contest; the time fixed in the notice for the filing of contests had expired; and they are concluded by the decision already made. But they are concluded only as to the question there pending, which is the question of the admission of the will to probate.

[2] But the admission of a will to probate is not a final adjudication of the validity thereof. Our statute expressly provides that "When a will has been admitted to probate, any person interested may, at any time within one year after

such probate, contest the same or the validity of the will''
(Code Civ. Proc., sec. 1327), and ''If no person, within
one year after the probate of a will, contests the same or
the validity thereof, the probate of the will is conclusive;
saving to infants and persons of unsound mind, a like
period of one year after their respective disabilities are
removed'' (Id., sec. 1333). The right to contest a will *after*
its admission to probate is thus expressly reserved to all
the heirs. To uphold the soundness of respondent's position
would be to hold that the provisions above quoted and all
the remaining provisions of that article of the code are
wholly inoperative, because the probate of a will is as
binding in the absence of a contest as it is when a contest
has been filed and tried.

It may well be that an heir who has actually contested
the will before probate is thereby estopped to contest it
again after probate, but that is not the situation here in-
volved. Certain it is that one who has not done so is ac-
corded that right for the period of one year after probate.

The order dismissing the petition for revocation of pro-
bate is reversed.

Wilbur, C. J., Waste, J., Kerrigan, J., Lawlor, J., Len-
non, J., and Seawell, J., concurred.