[Civ. No. 4968. First Appellate District, Division Two.—October 28, 1924.]

In the Matter of the Estate of GUSTAVUS W. DORN, Deceased. JOHANNA F. AHLBORN, Appellant, v. SADIE P. DORN, as Executrix, etc., Respondent.

[1] Wills—Revocation of Probate—Right to Jury Trial.—In a proceeding commenced pursuant to the provisions of section 1330 of the Code of Civil Procedure, to obtain a decree revoking an order theretofore made admitting to probate a document purporting to be the last will and testament of the deceased, the contestant may not complain because she is denied a jury trial, as such right is not granted by the statute.

[2] Id.—Equitable Issues—Jury Trial—Discretion of Trial Court. In such a proceeding, where the vast majority of the issues tendered by the contestant are equitable issues, and the burden of her case rests upon the assertion of many facts alleged, by her charging that undue influence was exercised by the defendant over the deceased, it is discretionary with the trial court whether it calls a jury or refuses to call a jury.

[3] Id. — Issues — Findings — Amended Answer — Error Without Prejudice.—In such proceeding, assuming that the trial court erred in permitting defendant to file an amendment to her answer, wherein she pleaded, by way of estoppel, a judgment in her favor in a contest of probate of the will instituted by two children of the deceased, and in finding in favor of defendant on the issues thus raised, the contestant was not prejudiced thereby, where the

---

1. Right to jury trial of will contest, notes, 15 **Ann. Cas.** 211; **Ann. Cas.** 1914B, 557. See, also, 28 **R. C. L.** 404.

findings on the issues raised by defendant's original answer were such that judgment must have been rendered in her favor, whether she had pleaded such new matter or failed to plead it.

(1) 40 **Cyc.**, p. 1320.    (2) 40 **Cyc.**, p. 1358.    (3) 40 **Cyc.**, p. 1359.

APPEAL from a judgment of the Superior Court of Alameda County. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. H. Chapman, Edwin L. Forster, Franklin T. Poore, R. P. Henshall and Robert R. Moody for Appellant.

Welles Whitmore for Respondent.

STURTEVANT, J.—Johanna F. Ahlborn commenced an action to obtain a decree revoking an order theretofore made admitting to probate a document purporting to be the last will and testament of her father Gustavus W. Dorn, deceased. The respondent, Sadie P. Dorn, as executrix and as sole devisee, filed her answer and the case was tried before the trial court sitting without a jury. The judgment went for the defendant and the contestant has appealed under section 953a of the Code of Civil Procedure. The case was before the supreme court on a former appeal. (*Estate of Dorn,* 190 Cal. 343 [212 Pac. 206].) After the ruling on that appeal the proceedings that are under attack on this appeal were had.

[1] The appellant complains because the trial court did not grant her application for a trial by jury. The respondent replies that this proceeding was commenced pursuant to the provisions of section 1330 of the Code of Civil Procedure, and not under the provisions of section 1312 of that code. As to the latter proceeding the statute expressly grants the right of a trial by jury. As to the former proceeding the statute does not expressly grant the right of a trial by jury, but it contains language from which it may properly be inferred that the trial court may try such a proceeding either with or without a jury. No question is presented by the record but what the appellant in due time and in proper form demanded a trial by jury. However, as the statute does not expressly grant the right to a jury trial the con-

testant may not complain because she was denied a jury trial. (*Estate of Dolbeer*, 153 Cal. 652, 657 [15 Ann. Cas. 207, 96 Pac. 266].)

[2] The appellant then takes the position that if she is incorrect in her first contention that the right to a jury trial was discretionary, then it was prejudicial error for the trial court to exercise its discretion against her except for cause. We think this contention is also without merit, but assuming for the sake of argument that the principle contended for is sound, nevertheless the answer is to be found in the record. The vast majority of the issues tendered by the appellant were equitable issues. The burden of her case rested on the assertion of many facts alleged by her charging that undue influence was exercised by the defendant over the decedent. Such issues are ordinarily presented only in cases of equity, and when presented in an action in equity it is discretionary with the trial court whether it calls a jury or refuses to call a jury. (Code Civ. Proc., sec. 592.)

[3] Before the day of the trial had arrived the defendant served a notice that she would ask permission to file an amendment to her answer. Later the motion was made and granted, and following those proceedings and after the trial had been had, the trial court made findings in favor of the defendant on the issues presented in the amendment to the answer of the respondent. The appellant complains of the ruling of the trial court allowing the filing of the amendment to the answer, and of the findings on the issues contained in that pleading. But we think that there was no prejudicial error committed. When the respondent offered the will of the deceased for probate two of the children of the deceased filed an opposition and contest. The judgment in that contest went against those children. Claiming that said judgment constituted an estoppel, the respondent in the amendment to her answer set forth the rendition of said judgment and the trial court found the facts as pleaded by the respondent and, as a conclusion of law, found that this appellant was estopped from denying the validity of the will of the decedent. Assuming without deciding the question that the trial court erred in making the finding of law as just stated, there was clearly no prejudice which the appellant could have suffered therefrom. The trial court had

fully considered the other issues made by the pleadings and had found against the appellant on all of those issues. Under these circumstances if the trial court had not allowed the respondent to file the amendment to her answer, or if it had found against her on all of the issues presented by the amendment to her answer, it necessarily follows that the judgment must have been the same because the trial court had found against the appellant on all of the issues presented by her contest. In other words, judgment must have been rendered for the respondent under her denials whether she had pleaded the new matter or failed to plead it.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.

All the Justices present concurred.