GEORGE A. BLAKE et al. v. JULIA M. BLAKE et al., EXECUTORS.

[No. 57, April Term, 1930.]

*Decided June 24th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*William L. Rawls* and *Richard C. Bernard,* with whom was *William L. Marbury* on the brief, for the appellants.

*Charles McH. Howard* and *J. Irvin McCourt,* with whom were *Galvin & McCourt* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The Orphans' Court of Baltimore City decided that the appellants were without sufficient interest to caveat a codicil modifying a will under which they might become entitled to

share, as contingent remaindermen, in certain trust estates, and their petition for leave to intervene in and prosecute the caveat, previously filed against the codicil, by a caveator who thereafter desired to discontinue the proceeding, was accordingly dismissed. The record on this appeal from the court's order presents also a question as to the right of the original caveator to dismiss the caveat in view of an agreement under which he filed it not only in his own behalf but for the benefit of the appellants and another contingent legatee, who were likewise concerned in having the codicil contested. But, unless the appellants have an interest which may properly be regarded as adequate for the purposes of such a proceeding, they are not in a position to complain of its abandonment by the caveator in whose name it was instituted. The question as to the sufficiency of the appellants' interest will therefore be first considered and determined.

The appellants are grandchildren of George A. Blake, who died in 1926, leaving a will which he had executed in 1913. After devising and bequeathing the residuary estate in trust for the benefit of the wife and six children of the testator, during the life of his wife, who predeceased him, the will directed that the estate be divided into six equal parts, one of which should be transferred to each of his two sons, and the remaining shares held in further trust for his four daughters during their respective lives, with remainder to their surviving issue, and, in the event of the death of any daughter without issue living at the time of her death, it was provided that her share of the trust estate should be divided among the testator's children then living, "and the descendants then living of any deceased children, *per stirpes* and not *per capita*. * * **"** In 1922 the testator executed the codicil against which the caveat was filed. It authorized any one of his daughters who might die without issue to dispose by will of the trust estate held for her benefit. By conferring such a power, the codicil subjected the devolution of the remainder interests in the trust estate provided for the testator's daughters to that additional contingency, and one of the daughters died in 1929, leaving a will by which she exercised the power

and made a different disposition of the remainder in her portion of the trust estate from that which would have resulted under the original terms of the will. The effect of the codicil upon the contingent remainder being thus demonstrated, a caveat to test the validity of the codicil was filed by a son of one of the testator's daughters, then living, in pursuance of the agreement with the appellants to which we have referred. The father of the appellants also joined in the agreement, but he has made no effort or proposal to become a party to the caveat proceeding. As the appellants will have no right of participation in the portion of the estate affected by the codicil unless they survive their father, the fact that he is still alive has an important bearing upon the question as to the sufficiency of their interest to invoke the protection which the caveat was intended to afford.

In *Johnston v. Willis,* 147 Md. 237, it was held to be the general rule, deduced from previous decisions of this court, that the right to caveat a testamentary instrument is available to any person having an interest in the testator's property if the disputed disposition should be annulled, and that such a right exists whether the interest arises from relationship to the decedent, in cases of alleged intestacy, or from the provisions of a prior will. *Safe Deposit & Trust Co. v. Devilbiss,* 128 Md. 182; *Home for the Aged v. Bantz,* 106 Md. 147; *Helfrich v. Yockel,* 143 Md. 371; *Brewer v. Barrett,* 58 Md. 587; *Munnikhuysen v. Magraw,* 57 Md. 172; *In re Estate of De Garmendia,* 146 Md. 47. The interests heretofore asserted in Maryland cases to support the right of caveat were vested and absolute, and the question as to the adequacy of a contingent interest for the purposes of such a contest is now presented for the first time to this tribunal.

In this instance the contingency upon which the interest of the appellants is dependent involves an uncertainty relating both to persons and to events. There is no designation by name of any of the contingent remaindermen. After the expiration of the equitable life estate of a daughter of the testator, the remainder, except for the exercise of the power of disposition under the codicil, would pass under the will to

the testator's surviving children, or their descendants then living. Only as members of a class of descendants who outlive their father, and also survive one or more of his sisters dying without issue, would the appellants derive any benefit under the will upon which they rely. There is thus a double uncertainty as to whether they will be included among those who would be entitled by the terms of the will to share in the trust estate if the stated contingency of a life tenant's death without issue should occur.

In the case of *In re Banks' Will,* 87 Md. 425, 440, it is said in the opinion: "The common law declares all contingent estates, when the person to take is not ascertained, to be a mere possibility, not coupled with an interest, and to be neither devisable, descendible, alienable by voluntary conveyance, or subject to execution. 4 *Kent Comm.,* 261; 2 *Washb. Real Prop.,* 238. Such a naked possibility is in law neither an estate, property right, nor claim. One having such a possibility may in the future, have a right or claim, but cannot be correctly said to have any existing right or claim." It is unnecessary to decide in this case whether an interest in the testator's property, sufficient to warrant a caveat against his testamentary act, must be susceptible of transfer by the caveator or by operation of law. The formulation of a comprehensive rule is not required, and will not be attempted, in the determination of this case. The decision will be limited to the specific question whether a caveat may be filed for the protection of such a contingent interest as the appellants claim under the particular limitations which have been described.

With respect to the estate held in trust for one of the testator's daughters for her life, the primary contingency as to the remainder has been determined by her death without issue, but, even if there had been no codicil giving her the power of disposition, which she exercised, the appellants could not participate in that portion of the estate in view of their father's survivorship. If and when the other aunts die without issue, their brother, the father of the appellants, may still be living, and in that event there would be no part of the testator's

estate to which the appellants could ever succeed under the terms of his will. The possibility of their succession is contingent upon the decease, before the main contingency occurs, of a precedent remainderman who is now alive. It is therefore not only a contingent interest upon which the appellants have claimed a right to caveat the codicil, but it is an interest which is secondary and subordinate to that of their father as a living member of a prior class of contingent remaindermen. In our opinion the possible future interest of the appellants in the testator's estate is too remote to serve as the basis of a right to contest the codicil by which his will was modified. In order to be sufficient for such a purpose, the contingent interest should at least be one which would have fastened upon the remainder if the contingency affecting its vesting, at the death of the life tenant, had occurred when the caveat was filed. As the interest of the appellants under the will cannot meet that test, we concur in the decision of the orphans' court that they were not entitled to contest the validity of the codicil.

In view of that conclusion, there is no occasion for an expression of our opinion upon the procedural question presented by the record.

*Order affirmed, with costs.*