(No. 20204.—

EMILIE GLOS, Defendant in Error, *vs.* ALBERT H. GLOS, Plaintiff in Error.

*Opinion filed October 25, 1930—Rehearing denied Dec. 11, 1930.*

John R. O'Connor, and Charles W. Hadley, for plaintiff in error.

Charles S. Williston, and Samuel J. Howe, for defendant in error.

Mr. Justice Orr delivered the opinion of the court:

On January 9, 1928, the will of Adam S. Glos, deceased, was admitted to probate in the county court of DuPage county. He died possessed of property estimated to be worth in excess of one million dollars, all of which he willed absolutely to his wife, Emilie Glos, naming her as sole executrix. She survived him, but he had no children or other descendants. As next of kin he left one brother, Jacob Glos, together with three nephews and two nieces, but made no mention of any of them in his will. Jacob Glos resisted the probate of this will in the county court and appealed to the circuit court of DuPage county, but on October 6, 1928, after perfecting his appeal and before it had been heard, he died intestate. On January 4, 1929, Albert H. Glos, a son of Jacob Glos, filed an affidavit in the circuit court suggesting his father's death, with a motion asking to be substituted as appellant in the cause. After a hearing the circuit court denied this motion, dismissed the appeal and remanded the cause to the county court. From that order Albert H. Glos took an appeal to the Appellate Court for the Second District, which affirmed the order of the circuit court. The Appellate Court also denied a petition for rehearing and refused to grant a certificate of importance for an appeal, and the cause was brought here for review on a writ of *certiorari* granted by this court.

Numerous errors are assigned, but they must all stand or fall upon the determination of one question, viz., Does any right of survivorship exist under the laws of this State in an appeal to the circuit court from an order of the county court probating a will, so that upon the death of the appellant (Jacob Glos) one of his heirs (Albert H. Glos) can properly be substituted for him?

A question of statutory comparison and construction is primarily involved. The object in construing a statute is to ascertain the intention of the legislature. (*Fowler* v. *Johnston City and Big Muddy Coal Co.* 292 Ill. 440; *Smith* v. *Logan County,* 284 id. 163.) The court has no right to read into the statute words that are not found therein, either by express inclusion or by fair implication. (*Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189.) In ascertaining the legislative intent in adopting a statute the whole act must be given consideration, together with the state of the law prior to its adoption, any changes made by the act and the apparent motive for them. *City of Rockford* v. *Schultz,* 296 Ill. 254.

The probate of a will and the contest of a will are separate, statutory proceedings of a special nature, and their historical development in this State is fully discussed by this court in *Buerger* v. *Buerger,* 317 Ill. 401. Section 2 of the Wills act (Smith's Stat. 1929, p. 2906,) deals with the execution and proof required for probate of a will, together with its recording and legal effect. Section 7 of the act provides the manner of contesting a will after it has been admitted to probate. Its last proviso states that in case any person interested shall begin a suit to contest a will and die before the final determination of such suit or contest, the cause of action, suit or contest shall not on that account abate but shall survive and descend to the heir, etc., of such deceased interested person, whose death may be suggested on the record, and such heir, etc., may be substituted in such suit, contest or action and the cause proceed as though such

substituted party had been originally joined as complainant, plaintiff, petitioner or defendant, as the case may be. Section 13 of the same act has to do with the evidence to be heard in the circuit court on an appeal from an order of the county court allowing or refusing to admit a will to probate. Section 14 of the act gives "any person interested in such will" the right to appeal to the circuit court of the same county from an order of the county court allowing or disallowing any will to probate, such appeal to be taken in the same time and manner as appeals are taken from justices of the peace.

A comparison of these sections shows that section 7 deals with bills in chancery filed originally in the circuit court to contest a will, while sections 13 and 14 have to do only with appeals to the circuit court from orders of the county court allowing or disallowing a will to probate. The two modes of procedure thus provided by statute are entirely separate and distinct and should not be confused. Section 7, relating to contests, grants a right of survivorship to the heir of any deceased party in interest who has filed a bill within one year after the probate of a will, while no such right of survivorship is found in sections 13 and 14, dealing with appeals. Under section 7 one year is given to contest a will in chancery, while under section 14 an appeal must be taken within twenty days,—*i. e.,* in the same time and manner as appeals are taken from justices of the peace. The legislature has further recognized the distinction between these two methods of procedure by the provision inserted at the end of section 13 providing: "And in case probate of such will shall be allowed on such appeal, it shall be admitted to probate, liable, however, to be subsequently contested, as provided in the case of wills admitted to probate in the first instance." This court in the recent case of *Havill* v. *Havill,* 332 Ill. 11, has also recognized this distinction, holding "a proceeding to contest a will has nothing to do with the pro-

bate or proof of the will. Its object [section 7] is to set aside probate of the will."

It is therefore apparent that the provisions of sections 13 and 14 are not interchangeable with those of section 7 but the remedies are distinct and must be pursued separately. To permit one who has appealed from an order probating a will under section 14 to avail himself in his appeal of any of the provisions of section 7 would be tantamount to an amendment of these sections by judicial construction. The record shows that Jacob Glos took his appeal under section 14, which granted no right of survivorship to any of his heirs in case of his death. He filed no bill in chancery to contest the will under the provisions of section 7, which grants a right of survivorship to the heirs of any person interested where such bill to contest a will has been filed within the time prescribed. To allow the plaintiff in error, in a proceeding instituted under section 14 of this act, to reach over into section 7 and pick therefrom a provision to meet his needs would be contrary to all legislative intent expressed or implied in this act. Since Albert H. Glos cannot use all of section 7 in an appeal taken under section 14, it follows that he cannot make use of any part of that section.

Albert H. Glos also fails to qualify as a "person interested," under section 14 of the Wills act. At the time the will in question was admitted to probate in the county court he was not an heir-at-law of Adam S. Glos nor was he mentioned in said will as a legatee or devisee. Therefore he had no such existing, pecuniary interest in the probate of this will as would entitle him to maintain this action. *Selden* v. *Illinois Trust and Savings Bank,* 239 Ill. 67; *Cassem* v. *Prindle,* 258 id. 11; *Olson* v. *Scully,* 296 id. 418.

It is further contended that by the wording of section 7 of the Wills act an appeal taken under section 14 of the same act to set aside the probate of a will is equivalent to the beginning of a suit to contest a will under section 7,

which, as amended in 1919, permits a survivorship of the action in case of the death of any party interested. In support of this contention plaintiff in error advances the proposition in his brief that "the appeal to the circuit court by Jacob Glos was the beginning of a suit by him to contest the will of Adam S. Glos." A correct determination of this question requires a consideration of the provisions of section 7, the relevant portion of which follows: "Provided further that if any person interested in any such will, testament or codicil, within the meaning of this act, shall die within one year after the probate of such will, testament or codicil, then and in such case, the right to contest such will, testament or codicil and the cause of action thereof shall survive and descend to the heir, legatee, devisee, executor, administrator, grantee or assignee of such deceased interested person."

It is urged that the words "within the meaning of this act" should be held to mean the entire act on wills, including every section to which the words quoted would be relevant or pertinent. Nothing in the context or provisions of section 7 would warrant any such conclusion. The words "within the meaning of this act" refer directly to the antecedent subject "any person interested," and are descriptive only of the persons who have a "right to contest such will" within one year after its probate. All three provisos of section 7 deal with will contests, the first providing for the filing of a "bill in chancery," by any person interested, within one year after the probate of a will to contest its validity; the second granting survivorship "of the right to contest such will" to the heirs, etc., of any person interested; and the third providing that if any person interested shall "begin a suit to contest any such will" and shall die before the final determination thereof, the suit or contest shall not on that account abate but shall survive, etc. These three provisions of section 7 all relate to contests of wills. They provide for the filing of original suits or bills in chan-

cery in the circuit court with a trial by jury, and present a plainly different and distinct procedure from an appeal under sections 13 and 14 from an order of the county court admitting a will to probate, (*Havill* v. *Havill, supra,*) as the latter is an *ex parte* proceeding of different character before the chancellor without a jury. It is sufficient to say, as the court below said, that the procedure for probating and the procedure for contesting wills are entirely different and are governed by different sections of the statute, and since the entire subject matter of section 7, after the first paragraph, has to do with the right to contest a will by bill in chancery, no logical reasoning can lead to a conclusion that the provisos of that section were intended to embrace appeals under sections 13 and 14. The rights conferred upon any person interested in a will, "within the meaning of this act," were limited by the legislature to will contests in chancery proceedings, and for us to extend these rights to persons pursuing other remedies of their own choice under different sections of the statute which the legislature has not seen fit to amend, would be to create—not to expound—a provision of law. In *Crooks* v. *Harrelson*, 51 Sup. Ct. 49, it was said: "Courts have sometimes exercised a high degree of ingenuity in the effort to find justification for wrenching from the words of a statute a meaning which literally they did not bear, in order to escape consequences thought to be absurd or to entail great hardship; but an application of the principle so nearly approaches the boundary between the exercise of the judicial power and that of the legislative power as to call rather for great caution and circumspection in order to avoid usurpation of the latter."

Nor can it be said that the appeal of Jacob Glos from the order of the county court was the beginning of a suit to contest decedent's will within the meaning of the third proviso of section 7, as contended by plaintiff in error. The record shows that no bill in chancery to contest the validity of this will, as required under section 7, was filed in the

circuit court by Jacob Glos, but, on the contrary, he prayed an appeal from the county to the circuit court and filed his appeal bond in the manner and time specifically provided by section 14. When the legislature amended section 7 in 1919 by adding the second and third provisos thereto, granting to any person interested the right of survivorship and substitution in a suit to contest a will, no such amendment was made to section 14. The title of the amending act, "An act to amend section seven (7) of, an act entitled 'An act in regard to wills,' approved March 20, 1872, and in force July 1, 1872, as amended," embraces section 7 exclusively. This amendment created new rights unknown to the common law and conferred jurisdiction which can be exercised only in the manner and within the limitations prescribed by the statute. *Welch* v. *City of Chicago,* 323 Ill. 498, and cases cited.

Since the statute (section 14) under which Jacob Glos perfected his appeal in this case contained no provision for the substitution of his heirs for him as appellant in case of his death, the right to proceed with this appeal abated upon his death. It has been held by this court that where a right of action is so entirely personal that a person cannot by contract place it beyond his control the action will not survive. *Selden* v. *Illinois Trust and Savings Bank, supra; Storrs* v. *St. Luke's Hospital,* 180 Ill. 368.

A number of minor points and distinctions are advanced by plaintiff in error, chiefly concerned with construction of different words and phrases used in the Wills act. These we have carefully considered but find in them no cause for change of any of the views above expressed.

The judgment of the Appellate Court is correct and should be affirmed. *Judgment affirmed.*