[Civ. No. 7904. Second Appellate District, Division Two.—July 1, 1931.]

In the Matter of the Estate of ELIZA JANE JENKINSON, Deceased. CATHERINE JENKINSON, Respondent, v. FLORENCE P. CATON, Appellant.

Thos. C. Ridgeway and John M. Thomas, Jr., for Appellant.

Randall & Bartlett and Manley C. Davidson for Respondent.

CRAIG, J.—A document probated as the last will and testament of Eliza Jane Jenkinson, deceased, was thereafter contested by the respondent and was adjudged null and void, and the order admitting the same to probate was revoked. The proponent appealed from said judgment.

Upon the original petition for probate the instrument in controversy was alleged to have been the olographic will of the decedent—entirely written, dated and signed by the hand of the testatrix. It consisted of twelve consecutively numbered paragraphs or provisions, and an attestation clause, immediately following which appeared the name of the deceased, all in the handwriting of some person. Opposite the tenth paragraph, which directed that cash remaining after payment of legacies be equally divided, appeared in the margin the notation, "with my four children". The eleventh paragraph was entirely obliterated, apparently with pencil. Following the last provision was written: "In witness I hereby set my hand this 3rd day of December, 1927." A cross then appears, as indicating the place for signature, but the signature is absent. At the bottom of the page was written the word "over", and then follows upon the

opposite side a form of attestation clause, beneath which is written the name Eliza Jane Jenkinson, and blank spaces for the names and addresses of two witnesses. The name of the decedent was written upon the first line of these spaces, a line was drawn through the same, and in the margin opposite them appears the notation: "Copy of the one Mr. Madden has." No witness signed the purported will.

The trial court found that the instrument previously admitted to probate "is not the will of said decedent and that it is not executed in the manner and form required by law; that said purported will purports to be entirely written, dated and signed by the said Eliza Jane Jenkinson as her olographic will, but that the said purported will was never at any time signed by the said Eliza Jane Jenkinson; . . . that said instrument is not an instrument which would operate to transfer the property of Eliza Jane Jenkinson on the occurrence of her death".

One of the heirs of said deceased contested the probate of the instrument upon substantially similar grounds to those interposed by respondent in attacking its validity after probate. Appellant's contention is that "the judgment upon the contest prior to probate is final and conclusive upon the petitioner for revocation of the probate". In other words, it is contended that an unsuccessful opposition to probate constitutes a bar to the contest of an invalid will after probate. In support of her defense of the document appellant urges a further ground that since the petition for revocation is based upon its invalidity, questions as to its legal dating, signature and handwriting may not be considered because they are merely matters of proof. It is obvious that if this were true the proof and admission to probate of any purported last will and testament would preclude a contest as well in the absence of opposition to its probate, and result in nullification of positive legislative enactment to the contrary. A careful perusal of appellant's briefs and cited authorities does not permit of such anomalous conclusions. Section 1327 of the Code of Civil Procedure unconditionally authorized respondent's contest, as follows: "When a will has been admitted to probate, any person interested may, at any time within one year after such *probate,* contest the same or the validity of the will.

For that purpose he must file in the court in which the will was proved a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked.''

An insufficiency of the proof of the date, writing, or signature upon the admission to probate of an olographic will which under the tests authorized by said section may render it invalid, presupposes the right to establish such insufficiency upon a subsequent contest by the will itself and other competent evidence. In *Estate of Dorn*, 190 Cal. 343 [212 Pac. 206, 207], our Supreme Court distinguished other authorities cited by appellant, and in a similar proceeding said: ''The right to contest a will *after* its admission to probate is thus expressly reserved to all the heirs. To uphold the soundness of respondent's position would be to hold that the provisions above quoted and all the remaining provisions of that article of the code are wholly inoperative, because the probate of a will is as binding in the absence of a contest as it is when a contest has been filed and tried. It may well be that an heir who has actually contested the will before probate is thereby estopped to contest it again after probate, but that is not the situation here involved. Certain it is that one who has not done so is accorded that right for the period of one year after probate.''

█ Since the trial court was clothed with power to so hold, it cannot be said upon appeal in the instant case that the subject of inquiry was not invalid as a testamentary disposition of the estate. (*Estate of Manchester*, 174 Cal. 417 [Ann. Cas. 1918B, 227, L. R. A. 1917D, 629, 163 Pac. 358].)

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 29, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1931.