[Civ. No. 7215. Second Appellate District, Division Two.—February 6, 1933.]

E. B. SWINNEY, Respondent, v. F. M. LEGG et al., Appellants.

C. A. Stice for Appellants.

Francis B. Cobb for Respondent.

WORKS, P. J.—Plaintiff was the holder, by transfer from the original payee, of four promissory notes which had been executed by defendants. This action was brought to recover on the paper. Judgment went for plaintiff and defendants appeal.

Upon demand therefor in proper form appellants were denied a jury trial of the action and they now assign the denial as error. In their answer appellants did not controvert the allegations of the complaint to the effect that they made the notes, but did deny the alleged transfer of them to respondent. They also denied allegations showing the amounts said to be due on the respective obligations and denied that any sums were due. In addition to the issues presented because of these denials, affirmative issues were tendered by the answer, and a cross-complaint was filed. The affirmative allegations of the answer, however, were also carried into the cross-complaint, which latter pleading was presented for the purpose of procuring a cancellation of the notes sued on. In the last analysis, then, the issues framed by the pleadings were matters of equitable cognizance, with the exception of the denial of the transfer of the notes and the denial that any amounts were due; and even as to this last matter, a view of appellants' pleadings throughout indicates that it depended upon the solution of the question of cancellation or no cancellation of the notes. Under the circumstances appellants were not entitled to a jury trial, the controversy being almost wholly a matter of equity (*Estate of Dorn,* 69 Cal. App. 413 [231 Pac. 346]; *Pomeroy* v. *Collins,* 198 Cal. 46 [243 Pac. 657]).

It is contended that the notes were void because given for an illegal consideration. The consideration was certain shares of preferred stock of a corporation, certificate

for which was delivered at the time of the execution of the notes, and a promise to deliver certain shares of the common stock of the organization "whenever the same was released from escrow by the Corporation Commissioner". No permit was ever issued by that officer allowing disposition of the common stock, and the promise to deliver to appellants was therefore never kept. We can see nothing savoring of illegality, between the parties, in the consideration for which the notes were executed. The preferred stock, which was part of the consideration, had been legally issued. As to the common stock, appellants merely took their chance with respondent's assignor upon the question whether the corporation commissioner would ever allow it to go upon the market. If the fact that this stock was never delivered amounted to a partial failure of consideration for the notes, we can see no more. This case is nothing like one in which an individual gives a promissory note for a gambling debt he owes the payee, or in which one executes a similar obligation in consideration of the promise of the payee to commit a crime, although both parties argue the appeal as if it were.

Appellants make a third point, plainly without merit, and a fourth, which they do not argue.

Judgment affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1933.