27 Cal.2d 424 (1945)
Estate of LOUIS PLAUT, Deceased. NAN LOW, a Minor, etc., Appellant,
v.
SYLVIA PLAUT LOW et al., Respondents.
L. A. No. 19038. 
Supreme Court of California. In Bank. 
Dec. 18, 1945.
 Roth & Brannen and David H. Paltun for Appellant.
 Julius V. Patrosso for Respondents.
 Musick, Burrell & Ingebretsen, Lawrence Livingston, H. W. S. Leeker, Albert Mosher and Anson B. Jackson, Jr., as Amici Curiae on behalf of Respondents.
 TRAYNOR, J.
 Louis Plaut died testate at the age of 80 years. Surviving him were a daughter, his only heir at law, and her son and daughter. Two months before his death he added a codicil to his will giving his nurse, respondent herein, $15,000. After the admission to probate of the will and codicil, testator's granddaughter filed a petition praying that the probate of the codicil be revoked on the ground of undue influence. The probate court sustained respondent's demurrer to the petition on the ground that petitioner was not an interested person within the meaning of section 380 of the Probate Code and was therefore not entitled to contest the codicil. The petition was dismissed and petitioner appeals.
 [1] Only an interested person may contest a will, either before or after probate. (Prob. Code, 370, 380.) It is settled that an interested person is one who has "such an interest as may be impaired or defeated by the probate of the *426 will, or benefited by setting it aside" (Estate of Land, 166 Cal. 538 [137 P. 246]; see 26 Cal.Jur. 1081); and that the court may require proof of the contestant's interest before proceeding with the trial of the contest. (Estate of Edelman, 148 Cal. 233 [82 P. 962, 113 Am.St.Rep. 231]; Estate of Wickersham, 153 Cal. 603 [96 P. 311]; Estate of Land, supra.)
 Petitioner contends that she is entitled to contest the codicil on the ground that she is a residuary legatee under the will and that her interest as such legatee would be impaired by the payment of respondent's legacy. The residuary provisions under which petitioner claims to have an interest are as follows: "X: All the rest of my property ... I devise, bequeath and appoint unto my trustees ... 4: To hold ... in trust ... and to pay the net income thereon quarterly to my daughter Sylvia Plaut Low, for and during the term of her natural life; and up her death to pay, transfer, set over and convey the corpus thereof to such one or more of her issue, in such estates and upon such trusts as she shall by last will and testament or any codicil thereto in writing appoint; and in default of appointment, to divide the same among her issue, equally, per stirpes and not per capita. In the event, however, that my daughter shall survive all of her issue, so that there shall not be any of her issue living, although she still is alive, then and in that event, anything hereinabove to the contrary notwithstanding, the trust shall terminate and my said daughter be entitled outright to all of the trust estate ... 5: In the event that the issue of my daughter shall take in default of appointment, then my trustees shall during the minority of such issue continue to hold the corpus of any such issue and apply the income thereof to the support, maintenance and education of such issue during his or her minority, and shall not pay any part thereof to any guardian of such issue, and pay the corpus of such share to such issue on such issue attaining the age of twenty-one years, unless such issue shall have been born in my lifetime, in which event my trustees shall continue to hold the share of the corpus of my estate going to each of such issue, in trust, until such issue born in my lifetime shall respectively attain the age of twenty-five years, and pay quarterly the income thereon to such issue, and upon such issue respectively attaining the age of twenty-five years, my trustees shall pay, transfer and set over to such issue respectively one-half of the corpus then held in trust for him or her, and shall continue to hold the other half in trust until *427 he or she shall attain the age of thirty years, and shall pay quarterly the income thereon to him or her, and upon such issue respectively attaining the age of thirty years, shall pay, transfer and set over to such issue the balance of the corpus to which such issue respectively shall be entitled, together with accumulations of income thereon, the trust thereupon terminating as to him or her then thirty years of age."
 Respondent contends that the trust provisions attempt to suspend the power of alienation beyond the period allowed by law; that they are therefore void, and petitioner can take no interest thereunder. Thus, respondent seeks to have this court construe the provisions of the trust.
 [2] Upon the contest of a will, whether before or after probate, the court will ordinarily not construe the instrument. (Estate of Cook, 173 Cal. 465, 468 [160 P. 553]; Estate of Fay, 145 Cal. 82, 87 [78 P. 340, 104 Am.St.Rep. 17]; Estate of Pforr, 144 Cal. 121, 125 [77 P. 825]; Estate of Murphy, 104 Cal. 554, 566 [38 P. 543]; Estate of Cobb, 49 Cal. 599, 604; see 2 Woerner, Administration, 3d ed., 774.) The only issue before the court is whether the instrument contested is or is not the will of the testator, and the power to construe will be exercised only in so far as it is necessary to the determination of that issue. (See Estate of Murphy, supra, and cases cited in 2 Page on Wills, 3d ed., 639.) If this court were now to pass upon the validity of the trust, it would be passing upon an issue that ordinarily cannot be raised until a later stage in the administration of the estate. Even if the trust provisions were held to suspend the power of alienation beyond the period allowed by law, a question would arise as to the separability of any valid provision. This court would be compelled to determine whether it could allow the valid provisions to stand without making a disposition of the estate so different from that intended by the testator that he presumably would have foregone the valid provisions had he foreseen the invalidity of the others. (Estate of Micheletti, 24 Cal.2d 904, 909 [151 P.2d 833] and cases cited therein.) Thus, the court would be determining how to distribute a part of the estate that is not even disposed of by the codicil but by the will. It would be making that determination at the instance of a person, respondent, not interested in the trust, without having heard all the persons interested therein. Petitioner's mother and brother would of course not be bound by a decision as to the validity of the trust rendered merely *428 for the purpose of determining petitioner's interest to contest the codicil, although they were joined as defendants and would be bound by a decision as to the probate of the codicil. A determination, however, of the validity of the trust on this appeal would be persuasive authority in any future litigation by parties not now before this court.
 Moreover, it is not necessary that this court pass upon the validity of the trust to determine whether petitioner's interest is sufficient to contest the codicil. It is settled that a beneficiary under an earlier will may contest a later one without first obtaining probate of the former. (Estate of Langley, 140 Cal. 126, 130 [73 P. 824]; Estate of Phillips, 202 Cal. 490, 498 [261 P. 709]; Ruth v. Krone, 10 Cal.App. 770, 781 [103 P. 960]; Estates of Visaxis, 95 Cal.App. 617, 620 [273 P. 165]; Estate of Munfrey, 61 Cal.App.2d 565, 567 [143 P.2d 414, 144 P.2d 370]; and cases cited in Page, op. cit., 612 and Atkinson on Wills, 464.) In Estate of Langley, supra, this court pointed out that the validity of the later will, the one being contested, not the validity of the earlier, was the main issue in the case; and that, if the earlier will had been probated, the matter would be concluded and the contestant would have no occasion to attack some other will. This court held accordingly that a prima facie showing of the contestant's interest was sufficient.
 The contest of a will is not an end in itself. It is but the first in a series of proceedings by which the contestant seeks to have his claim to all or part of the estate adjudicated. If the court allowed respondent to raise the issue of the validity of the trust, it would in effect prevent petitioner from initiating the first of these proceedings unless she established at the outset the very right that she seeks to establish in the final proceeding. Although the right to ask the court for an adjudication of his claim to the estate should be denied a person whose interest "has not even the appearance of validity or substance" (Cohen v. Sharp, 44 Cal. 29, 31), it should not be denied a person who, even though he may ultimately not receive any part of the estate, has at least established a prima facie interest in the estate. [3] Since a proceeding to probate or contest a will is a proceeding in rem (Estate of Baker, 170 Cal. 578, 585 [150 P. 989]), and at the end of the six-month period during which it may be contested the probate of the will is conclusive (Prob. Code, 384; see Estate of Allen, 176 Cal. 632, 633 [169 P. 364]; Estate of Dorn, 190 Cal. *429 343 [212 P. 206]; Estate of Parsons, 196 Cal. 294, 299 [237 P. 744]), all persons whose interests may be adversely affected should be given an opportunity to be heard. (In re Zimmerman's Will, 104 Misc. 516 [172 N.Y.S. 80, 94].) The requirement that the contestant be an interested person prevents persons with no interest from delaying the settlement of the estate, but does not compel a person who has established that his interest "may be impaired" (Estate of Land, supra, at p. 544] to prove that it will in fact be impaired. In First Nat. Bank of Waldron v. Ary (180 Ark. 1084 [24 S.W.2d 336]) it was contended that three contestants whose interests were conflicting, each claiming to be an heir at law of the testator to the exclusion of the others, should litigate the merits of their respective claims before being allowed to contest the will. The court held, however, that there was no occasion for such litigation until it was determined that there was no will, and that, since each contestant had made a prima facie showing of his interest, each should be allowed to contest. (See, also, In re Estate of Kenny, 233 Iowa 600 [10 N.W.2d 73]; In re Harjoche's Estate, 193 Okla. 631, 634 [146 P.2d 130].)
 An issue similar to that presented here may arise whenever a person is required to make a preliminary showing of an interest before he is allowed to bring an action. Thus, in Maguire v. Hibernia S. & L. Soc., 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062], it was contended that an action for declaratory relief could be maintained only by a plaintiff entitled to a favorable declaration. This court rejected that contention and pointed out that "the fact that the party seeking to set the judicial machinery in motion is on the wrong side of a controversy cannot be ascertained prior to the court's consideration and determination thereof." (23 Cal.2d 719, 731.) Even in an action in equity to set aside a judgment on the ground of extreme fraud or mistake, the requirement that the complaint allege a meritorious case is not a requirement of an absolute guarantee of victory. (Olivera v. Grace, 19 Cal.2d 570, 579 [122 P.2d 564, 140 A.L.R. 1328].)
 Estate of Land, supra, is distinguishable. In that case the proponent of the contested will was allowed to raise an issue as to the contents of the earlier will, which was not before the court, but no issue was presented as to its construction. Moreover, contestant had not made a prima facie showing of his interest, so that the court would have dismissed his contest in any event. *430
 [4] Like Estate of Langley, supra, the present case is a contest of a later testamentary disposition, the codicil in respondent's favor, by a person who claims to be a beneficiary under an earlier will. It is clear that petitioner has made the prima facie showing required by that case. In one respect she has made an even better showing, since the will containing the provisions under which she claims to have an interest has been probated and can no longer be contested. Respond-contends, however, that even if petitioner had an interest under the trust, that interest is at best a contingent remainder, insufficient to support the contest. Although no case has been found holding that a contingent remainderman under a will may contest a codicil modifying that will, there are explicit dicta to that effect. (State v. District Court, 25 Mont. 355 [65 P. 120]; Blake v. Blake, 159 Md. 539 [150 A. 861].) State v. Superior Court, 148 Cal. 55 [82 P. 672, 2 L.R.A.N.S. 643], upon which respondent relies, is not in point. That case held merely that the possibility that all or some of a decedent's heirs might not appear, so that if the will were successfully contested, the property would eventually escheat to the state, did not give the state an interest sufficient for a will contest. Respondent also relies on cases from other jurisdictions in which "remote" or "contingent" interests were held to be insufficient. These cases hold merely that the heirs of a person who is entitled to but does not contest a will have not themselves such direct and pecuniary interest in the estate of the testator as will entitle them to contest his will. They have no interest, however remote, under any earlier will he may have made, nor would they take any part of his estate by intestacy if their contest were successful. In the present case, however, petitioner is at least a possible beneficiary under a plan of devolution established by the testator himself. Although she may never take any part of his estate, any part that she takes as a remainderman will come to her by the testator's will, not by succession to a beneficiary under that will. She should, therefore, be allowed to contest any testamentary disposition of the testator likely to impair her legacy.
 The judgment is reversed.
 Gibson, C.J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.