38 Cal.2d 151 (1951)
Estate of WILLIAM AUSTIN FIELD, Deceased. EDNA F. AUBRY, as Administratrix With Will Annexed, etc., Appellant,
v.
WALTER BOTH et al., Respondents.
S. F. No. 18113. 
Supreme Court of California. In Bank. 
Dec. 18, 1951.
 G. I. Hoffman and S. Joseph Theisen for Appellant.
 J. Clark Benson, Marion Vecki and John E. Anderton for Respondents.
 SHENK, J.
 This appeal is from a judgment entered after the demurrer of respondents to a petition to revoke probate was sustained without leave to amend.
 The record shows the following: William Austin Field died testate on January 6, 1949, leaving his widow, Anna Caroline Field, and a cousin surviving. At the time of his death both spouses were in their 80's and had been married for more than 50 years. On January 25, 1949, on petition of Walter Both, an instrument dated December 30, 1948, was admitted to probate as the will of the decedent. The provisions thereof bequeathed the entire estate to the widow during her life. Apparently subject to that provision residence property designated as 324, 326, 328 and 328A Hayes Street in San Francisco was devised to Walter and Martha S. Both, friends, "as a token for the many acts of kindness they have done for me and my said wife during the past years." The residue was left to the Shriners Hospital for Crippled Children in San Francisco. Some years previously the spouses had executed reciprocal wills. *153
 Prior to his death and in November, 1948, allegedly with the connivance of Walter Both, the decedent obtained a judicial declaration of his wife's incompetence and the appointment of himself as her guardian. She thereupon was placed in a sanitarium where she remained until her death on June 19, 1949.
 On July 11, 1949, the will of Anna Caroline Field was admitted to probate, and Edna F. Aubry, a niece was appointed administratrix with the will annexed. On July 21, 1949, as such administratrix she filed the petition to revoke the probate of the will of the predeceased spouse, alleging as grounds of contest nonexecution of the instrument, lack of capacity to make a will due to age and mental and physical infirmities and debilities, and undue influence of Walter Both between whom and the decedent husband a confidential relationship existed.
 The petition to revoke probate was filed within the six months' limitation of section 380 and no question of untimely filing arises. The only question is whether the widow's administratrix may file the petition to contest the will of the predeceased spouse.
 This court has recently reviewed the question of what interest entitles a person to contest a will within the meaning of sections 370 and 380 of the Probate Code. (Estate of Plaut, 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837].) [1] Under the circumstances here appearing the widow unquestionably had an interest which would be impaired by the probate of the instrument in question or benefited by setting it aside, and was therefore a person interested who might contest the will. The problem on this appeal, therefore, relates to the matter of the survival of the widow's right of contest and whether after her death the alleged cause may be prosecuted by her personal representative.
 [2] The respondents refer to a conflict in the authorities on the question of survival of the right of contest. In some jurisdictions the right is held not to be a right of property but a personal nonassignable right which does not survive the death of the party or the person having the right. But in the majority of the cases where the question has arisen it has been held that on the death of one having a right to contest a will, the right of contest survives. (See Annotation, 129 A.L.R. 324, and cases cited.) One of the leading cases *154 is Ingersoll v. Gourley (1913), 72 Wash. 462 [130 P. 743], where it was pointed out that the question was not whether the administrator was a person interested who might contest the will, but was merely one of assignability and consequent survival of an admitted right of contest. After reviewing numerous cases the court held that the right and interest of a disinherited heir was the subject of voluntary or involuntary assignment which carried with it survival of the right to contest the will. The court rejected the Illinois doctrine that the right was personal and did not survive. (See Selden v. Illinois Trust & Sav. Bank (1909), 239 Ill. 67 [87 N.E. 860, 130 Am.St.Rep. 180]. Cf. Havill v. Havill (1928), 332 Ill. 11 [163 N.E. 428], and Glos v. Glos (1930), 341 Ill. 447 [173 N.E. 604, 72 A.L.R. 1328], decided after an amendment to the Illinois Statute of Wills by which upon the death of a contestant before final determination the cause of action was declared to survive and descend to the heir, devisee, legatee, personal representative, or assignee of such contestant.) The court disposed of the argument that will contests were avaricious and should be discouraged, also here advanced in substance, by conceding soundness to the extent of requiring clear proof of fraud or undue influence, and observing that fraudulent wills which are also avaricious should not be encouraged by closing the courts to the righting of wrongs.
 Further discussion of the basis of the conflicting views is unnecessary inasmuch as in Estate of Baker, 170 Cal. 578 [150 P. 989], following the Ingersoll and other cases, and rejecting the Illinois doctrine, this court has declared that the right of contest survives under the statutes of this state. In the Baker case it was held that the right of an interested person to contest a will is fundamentally based upon the loss of property or property rights resulting from the recognition of an invalid instrument depriving him of those rights; that the purpose of a will contest is to establish a violation of the contestant's right of property; that in its essence the contest is an action for the recovery of property unlawfully taken or about to be taken from the ownership of the contestant; and that the statutes placed no limitation on the assignability or survivability of such a chose in action. The right of contest was therefore declared to be a thing in action arising out of the violation of a right of property which upon the death of the owner passes to his personal representative pursuant to section 954 of the Civil Code. Thus the reasoning rested *155 solely upon provisions of the law whereby the statutory right of contest, founded upon an attempt to divest or a divestiture of property rights, gave to the original possessor of the right a chose in action which was assignable and survived.
 The question arose in the Baker case because the contestant died during the pendency of the contest. Following the holding that the cause of action survived, it was concluded that pursuant to section 385 of the Code of Civil Procedure the proceeding did not abate. Likewise in Estate of Johnson, 31 Cal.App.2d 251 [87 P.2d 900], the contest was continued after the substitution of the administrator of the contestant who died before final judgment.
 [3] The respondents seek to distinguish the present case because the widow who had the right of contest died before a contest proceeding was commenced. No such distinction may be made. The same test of survivability determines the outcome in the present case. So long as the right survives as a right of property, the result may not be made to depend on whether the contest was commenced before the owner of the right died. [4] The doctrine of survivability applies in either case and the administratrix of the widow who owned the right has the same power to pursue it by commencing proceedings to revoke probate as such administratrix would have had to continue the proceedings if the widow had died during the pendency of the contest. The Baker case was followed in Estate of Clark, 94 Cal.App. 453, 460-461 [271 P. 542], in holding that the right of contest was assignable as a property right.
 [5] Incidental matters of the duties and powers of the administrator, of court instruction, and the like, are not proper subjects of investigation on a general demurrer to the sufficiency of the petition to revoke probate. The respondents attempt to invoke numerous cases holding that the widow's exercise of her right to elect to take under the will or by succession is a right personal to her which cannot be exercised after her death by her representative on court instruction or otherwise. But this line of reasoning merely confuses two distinct subject matters, viz: the widow's right to accept or reject the provisions for her in a valid will, and the survival of her right to contest an alleged invalid will. In all of the cases relied on the validity of the will was assumed, and no case is presented holding that a widow is bound by an asserted election under an invalid will. Whether there was a binding *156 election if the will be held valid is not a question for determination on this appeal. Nor are we here concerned with the legality of the charitable bequest under a valid will.
 The judgment is reversed.
 Gibson, C.J., Carter, J., Traynor, J., and Schauer, J., concurred.
 Edmonds, J., and Spence, J., concurred in the judgment.