[S. F. No. 8226. Department One.—January 25, 1918.]

In the Matter of the Estate of ORRIN HENRY PLUMB, Deceased. ALONZO T. PLUMB et al., Appellants, v. LOYAL EARL WOODS et al., Respondents.

ESTATES OF DECEASED PERSONS—APPEAL—REVOCATION OF PROBATE OF WILL—ORDER DISMISSING PROCEEDING—APPEALABILITY.—An order dismissing a proceeding for the revocation of the probate of a will is in effect one refusing to revoke the probate of a will, and is therefore appealable under the amendment of 1901 to section 963 of the Code of Civil Procedure.

ID.—APPEAL — ORDER DISMISSING PROCEEDING TO REVOKE PROBATE—
RECORD—JUDGMENT-ROLL.—Where no bill of exceptions or reporter's
transcript is included in the record on appeal from an order re-
fusing to revoke probate of a will, the appeal must be considered
on the papers which, in such proceeding, correspond to a judgment-
roll, including, at least, the petition or contest, answer, and the
judgment or order.

ID.—INTENDMENTS FAVORING JUDGMENT.—On appeal on the judgment-
roll alone, from an order dismissing a proceeding to revoke
the probate of a will, all intendments are in favor of the judg-
ment assailed, and where the order finds that no citation had
been issued to all the legatees and devisees named in the will,
and specifies the administrator and one of the legatees as persons to
whom "particularly" no citation had been issued, and the admin-
istrator and the legatee thus named, had by their voluntary appear-
ance, obviated the necessity for a citation, the appellate court will
assume that the will, which was not a part of the record on appeal,
may have given devises and bequests to various other persons to
whom no citation was issued, thus warranting a dismissal of the
contest under section 1328 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Men-
docino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

Daniel A. Ryan, for Appellants.

Keith C. Eversole, and Charles M. Mannon, for Respond-
ents.

SLOSS, J.—A proceeding for the revocation of probate of
the will of Orrin Henry Plumb was dismissed by the court.
The contestants appeal from the order of dismissal.

The respondents insist that no appeal lies from such order.
But the contrary has been decided in *Mahoney* v. *Superior
Court,* 140 Cal. 513, [74 Pac. 13], where the court held that
the order was, in effect, "one refusing to revoke the probate
of a will," and thus appealable under the amendment of
1901 to section 963 of the Code of Civil Procedure.   The
ruling was followed in *Estate of Baker,* 170 Cal. 578, 583,
[150 Pac. 989].   It may be added that a motion heretofore
made by these respondents to dismiss this very appeal on
the ground now urged was denied by this court.

No bill of exceptions or reporter's transcript is included in the record. The appeal must, therefore, be considered on the judgment-roll, or on the papers which, in a probate proceeding, correspond to the judgment-roll. (See *In re Ryer,* 110 Cal. 556, [42 Pac. 1082]; *Estate of Gamble,* 166 Cal. 253, [135 Pac. 970]; *Estate of Broome,* 169 Cal. 604, [147 Pac. 270].) In a proceeding to revoke probate, such papers include, at least, the petition or contest, the answer, and the judgment or order, all of which, properly authenticated, are incorporated in the record before us. The order of dismissal contains various recitals and findings. In it, the court finds, among other things, that more than one year had elapsed since the admission of the will to probate, and that no citation had been issued to the administrator and "to all the legatees and devisees" mentioned in the will and residing in the state, "and particularly that no citation has ever been issued to Robert R. Patton as administrator with the will annexed of the estate of Orrin Henry Plumb, deceased, or to Sarah L. Woods, one of the legatees and devisees mentioned in said will." (We assume, for present purposes, that "Sarah L. Woods" is identical with the respondent "Sarah F. Woods.")

If this order were to be construed as showing that the only ground for dismissing the contest was the failure to issue a citation to the administrator, or to Sarah L. Woods, there might be much force in the appellants' contention that the necessity of a citation to these parties was obviated by their voluntary appearance. (*Estate of Ricks,* 160 Cal. 467, [117 Pac. 539]; *Estate of Simmons,* 168 Cal. 390, [143 Pac. 697].) But the finding in the order is that no citation had been issued to all the legatees and devisees named in the will. The ensuing words, specifying the administrator and one of the legatees as persons to whom "particularly" no citation had been issued, do not necessarily limit the general statement that citation had not been issued to all of the legatees and devisees. Every intendment is in favor of the correctness of a judgment or order assailed on appeal, and we must, if such interpretation will support the order, read the finding as declaring that there had been a failure to issue citation to legatees and devisees other than Sarah L. Woods. The record does not show that such finding was contrary to the fact. The will is not a part of the record on appeal, and we cannot say that it did not make provision for various beneficiaries not cited. Ap-

pellants argue that the petition for revocation contains an allegation that the sole legatees and devisees were Sarah F. Woods and Loyal Earl Woods, her husband, and that this averment is not denied by the answer filed by the administrator in conjunction with Sarah F. and Loyal Earl Woods. But the allegation (which, by the way, is made inferentially only), may have been contrary to the terms of the will itself, which was before the trial court.  Other legatees and devisees who may have been named in the will could not, of course, be bound by any admission contained in an answer in which they did not join.  We need not decide whether the citation itself is properly a part of the record.  Assuming that it is, it does not show that it was issued to all of the legatees and devisees named in the will.  It is entirely consistent with the record, therefore, that the will may have given devises and bequests to various persons in addition to Sarah F. and Loyal Earl Woods, and that no citation was issued to, or served upon, some of such persons.  If this were so, the court was warranted in dismissing the contest.  (Code Civ. Proc., sec. 1328.)  It was incumbent upon the appellants, who attack the order made, to show by bill of exceptions, or other proper record, such a condition of affairs as would make it appear affirmatively that the court below erred in dismissing the contest.  This they have failed to do.

The order is affirmed.

Shaw, J., and Richards, J., *pro tem.*, concurred.