[Civ. No. 17161.   Second Dist., Div. One.   Oct. 11, 1949.]

IRVINE BYER, Appellant, v. FRANCISCA ARGUELLO et al., Defendants; EDWARD KRAMER et al., Respondents.

William S. Palmese and Jesse A. Levinson for Appellant.

Margolis & McTernan and John W. Porter for Respondents.

DRAPEAU, J.—Plaintiff's 3-year-old child was so terribly bitten by a dog or dogs that he died.   Plaintiff's amended complaint alleges that the child was bitten by dogs belonging to defendants Arguello, and by a dog belonging to defendants Kramer.   Answers were filed traversing these allegations.

Plaintiff's deposition was taken.   In that deposition he testified that he did not contend that the Kramer dog bit the child; further that so far as he knew the Kramer dog did not bite the child at any time.   Then he stated that his theory of Kramers' liability was that their dog was in heat, and it was negligence for them to allow the animal to go at large, an attraction for

male dogs in the neighborhood where the Kramers and the child lived.

These facts appearing from the file and by affidavits, the superior court after denying summary judgment against the plaintiff and in favor of the defendants Kramer, dismissed the action as being fictitious and sham as to them.

Plaintiff appeals, and has filed his opening brief. Defendants move this court to dismiss the appeal. The motion is made upon the pleadings and affidavits on file, and upon the same grounds urged in support of the motion for summary judgment.

Courts have inherent power to dismiss actions upon the grounds that they are fictitious or sham. Such a motion to dismiss is proper practice, but in each case the question arises whether the specific facts presented to the court constitute grounds for an order of dismissal. (*Cunha* v. *Anglo-California Nat. Bank,* 34 Cal.App.2d 383 [93 P.2d 572].)

In the present case the complaint specifically alleges that the Kramer dog killed the child. While it is true that the child's father in his deposition testified to facts contrary to the allegations of the complaint which he verified, it is better practice to dispose of issues by trial. Before a motion to dismiss may be granted the record must disclose that no relief can be granted to the plaintiff. (*People* v. *Nixon,* 34 Cal.2d 234 [109 P.2d 385].) From the complaint and the affidavits here under consideration, it cannot be said that beyond peradventure of doubt no cause of action can be proven against the Kramers.

Nothing herein contained is to be construed as approving plaintiff's farfetched theory that a dog in heat not kept within bounds proves negligent liability of the owner for the acts of other dogs attracted to the neighborhood. This decision is based upon the fact that the complaint avers that the Kramer dog actually killed the child, and that while this averment is controverted by the testimony of the plaintiff on deposition, upon trial of the issue the plaintiff may be able to present testimony to support the complaint. To hold otherwise would be to open a veritable Pandora's box of motions to dismiss actions, based upon statements in depositions contrary to averments in complaints.

The motion to dismiss the appeal is denied.

White, P. J., and Doran, J., concurred.