[Civ. No. 17161.   Second Dist., Div. One.   Feb. 17, 1950.]

IRVINE BYER, Appellant, v. FRANCISCA ARGUELLO et al., Defendants; EDWARD KRAMER et al., Respondents.

William S. Palmese and Jesse A. Levinson for Appellant.

Margolis & McTernan and John W. Porter for Respondents.

WHITE, P. J.—Plaintiff instituted this action to recover damages for the alleged wrongful death of his minor son as a result of the latter being attacked and bitten by dogs belonging to defendants Arguello and by a dog belonging to defendants Kramer.   The gravamen of plaintiff's complaint is that defendants were the keepers of vicious dogs, that they did wrongfully harbor said dogs and allowed them to go at large without proper guard and without leash; that said dogs came upon the premises occupied by plaintiff and his minor child, and that said dogs did bite and attack the person of said child; that as a proximate result thereof said child died.   Answers were filed denying these allegations.

When plaintiff's deposition was taken he testified that he did not contend that the Kramer dog bit the child; further, that so far as he knew the Kramer dog did not bite the child at any time.   Then he stated that his theory of Kramers' liability was that their dog was in heat, and it was negligence for them to allow the animal to go at large, an attraction for

male dogs in the neighborhood where the Kramers and the child lived.

Defendants Kramer moved for a summary judgment, supporting said motion by affidavit setting forth the foregoing testimony of plaintiff as given in his deposition. The motion was denied. The same defendants then moved the court to dismiss the action against them on the ground that the same "is sham and fictitious." This motion was also supported by an affidavit similar to the one filed in support of the motion for summary judgment. The second motion was granted. From the judgment of dismissal entered thereon plaintiff prosecutes this appeal. No brief has been filed by respondents.

Following the filing of appellant's opening brief, respondents moved this court to dismiss the appeal, basing said motion upon the pleadings and the aforesaid affidavits on file. The motion was denied by this court. (*Byer* v. *Arguello,* 94 Cal.App.2d 110 [210 P.2d 328].)

From a consideration of the record herein, we are satisfied that the pleadings in this action present triable issues. We are equally satisfied that our holding on the motion to dismiss (*Byer* v. *Arguello, supra*) is determinative of this appeal on the merits. In the cited case we said (p. 111):

"Courts have inherent power to dismiss actions upon the grounds that they are fictitious or sham. Such a motion to dismiss is proper practice, but in each case the question arises whether the specific facts presented to the court constitute grounds for an order of dismissal. (*Cunha* v. *Anglo-California Nat. Bank,* 34 Cal.App.2d 383 [93 P.2d 572].)

"In the present case the complaint specifically alleges that the Kramer dog killed the child. While it is true that the child's father in his deposition testified to facts contrary to the allegations of the complaint which he verified, it is better practice to dispose of issues by trial. Before a motion to dismiss may be granted the record must disclose that no relief can be granted to the plaintiff. (*People* v. *Nixon,* 34 Cal.2d 234 [209 P.2d 385].) From the complaint and the affidavits here under consideration, it cannot be said that beyond peradventure of doubt no cause of action can be proven against the Kramers.

"Nothing herein contained is to be construed as approving plaintiff's far-fetched theory that a dog in heat not kept within bounds proves negligent liability of the owner for the acts of other dogs attracted to the neighborhood. This

decision is based upon the fact that the complaint avers that the Kramer dog actually killed the child, and that while this averment is controverted by the testimony of the plaintiff on deposition, upon trial of the issue the plaintiff may be able to present testimony to support the complaint. To hold otherwise would be to open a veritable Pandora's box of motions to dismiss actions, based upon statements in depositions contrary to averments in complaints.''

The judgment is reversed and the cause remanded.

Doran, J., and Drapeau, J., concurred.