199 Cal.App.2d 22 (1962)
Estate of ELIZA H. EMERY, Deceased. BONNIE MIDDLECOFF, Individually and as Guardian ad Litem, etc., Plaintiffs and Appellants,
v.
HENRY HUBBARD MIDDLECOFF, as Executor, etc., Defendant and Respondent.
Civ. No. 61. 
California Court of Appeals. Fifth Dist. 
Jan. 9, 1962.
 Smith & Zeller, Charles A. Zeller, Johnson & Parker and Richard E. Johnson for Plaintiffs and Appellants.
 Charles M. Stark, Paul W. McComish, Riley & Hall and Robert R. Elledge for Defendant and Respondent.
 BROWN, J.
 This is an appeal from an order terminating the authority and capacity of the guardian ad litem of an incompetent person and dismissing a contest to a codicil.
 Eliza H. Emery died testate at the age of 86 years on August 12, 1957. Henry Hubbard Middlecoff and Robert Fitch Middlecoff, her sons and only heirs at law, survived her. Henry is the executor and respondent herein, as well as the general guardian of Robert, an incompetent person. Eliza H. Emery's will dated April 25, 1952, disposed of the residue of her estate, one-half to Henry and one-half to the Stockton Savings & Loan Bank, in trust, for Robert. On January 8, 1956, she added a codicil to her will which disposed of the residue of her estate, one-half to Henry and one-half to Henry as primary trustee, or to contingent trustees, in trust, with discretion to pay to the guardian of Robert "such sums as said trustee or said trustees deem necessary and adequate for the care, support and maintenance of my said son, Robert Fitch Middlecoff, in the manner and station of life to which he has become accustomed," with a provision that the excess income, if any, be paid to Henry Hubbard Middlecoff, as trustee, or to the alternate trustees, as the case may be, remainder to be distributed to Henry Hubbard Middlecoff, if he survives Robert, otherwise to the then acting alternate trustees, and containing an in terrorem clause.
 After the admission to probate of the will and codicil, Bonnie Middlecoff was appointed, by an order made ex parte, guardian ad litem of Robert Fitch Middlecoff, an incompetent, and on behalf of herself individually and as guardian ad litem, filed a petition to contest the will and codicil, which, by a subsequent stipulated amendment, was limited to a contest of the codicil, on the grounds of incapacity, undue influence, and lack of due execution.
 Defendant answered and denied generally the allegations of the petition in reference to the claimed undue influence, mental incapacity of the decedent, and lack of due execution of the codicil, and pleaded the defense that Bonnie Middlecoff was not named as a legatee or devisee in a prior codicil and that she was not a person interested in the estate within the meaning of section 380 of the Probate Code. *25
 Defendant's petition to vacate the ex parte order appointing Bonnie Middlecoff as guardian ad litem and motion to dismiss the contest to the codicil was, after notice, heard and submitted, and the court subsequently made a minute order denying the petition and motion.
 Defendant then moved to set aside the submission and minute order, to reopen, and to set aside a contingent fee contract between Bonnie Middlecoff, as guardian ad litem, and certain attorneys, the motion being supported by an affidavit that certain material documentary and oral evidence had been discovered since the submission of the prior motions; that the oral evidence consisted of testimony of Bonnie Middlecoff (in a deposition) that she prevailed upon her ward to consult her personal attorney relative to making and executing his will; that said ward did purport to execute a will under which Bonnie Middlecoff would take a one-third share and Lowell Middlecoff, her then husband, would take a one-third share; and that the documentary evidence consisted of a copy of said purported will of Robert Fitch Middlecoff. The affidavit further alleges that plaintiff's motive for the codicil contest is to obtain for the ward an estate which she can inherit, even at the risk of a forfeiture of his interest in the estate of the decedent, Eliza H. Emery, by virtue of the contest clause of the codicil. Service of the notice, motion, affidavit and points and authorities was made on plaintiff.
 At the hearing on April 25, 1960, plaintiff appeared for argument. No oral evidence was received. No counteraffidavits were filed. The deposition of Bonnie Middlecoff was introduced in evidence.
 The court then made and entered a single document containing findings of fact, conclusions of law and an order removing Bonnie Middlecoff as guardian ad litem, terminating her authority and capacity, vacating the previous ex parte order approving the contingent fee contract, and dismissing the codicil contest. Subsequently, an application of Bonnie Middlecoff for appointment as guardian ad litem of Robert for the sole purpose of bringing this appeal was denied; and an application of one William Bloyd for appointment as guardian ad litem of the incompetent was denied.
 Plaintiffs appeal from the order dismissing the contest to the codicil and the order terminating the authority and capacity of the guardian ad litem.
 Plaintiffs make four assignments of error: (1) Error in *26 terminating the authority and capacity of Bonnie Middlecoff as guardian ad litem; (2) error in granting motion to dismiss codicil contest as to Bonnie Middlecoff; (3) error in granting motion to dismiss codicil contest as to Robert Fitch Middlecoff, an incompetent; and (4) error in making findings which had not been served on counsel.
 Although defendant has not raised the point, we are first met by the question of whether this appeal is proper. [1] An order terminating the authority and capacity of a guardian ad litem, standing alone, is nonappealable (Prob. Code, 1630; In re Hathaway, 111 Cal. 270 [43 P. 754]). [2, 3] But here, the trial court saw fit to incorporate the order of removal in the final judgment dismissing the will contest. Since an appeal lies from an order dismissing a will contest (Mahoney v. Superior Court, 140 Cal. 513 [74 P. 13]; Estate of Baker, 170 Cal. 578 [150 P. 989]; Estate of Plumb, 177 Cal. 300 [170 P. 609]), we believe we have power to review the order of removal and that the authority of the guardian ad litem continued for the limited purpose of this appeal. Otherwise, since Robert Fitch Middlecoff is not competent, in contemplation of law, to take any step on his own behalf in furtherance of the appeal, he would be compelled to submit to the judgment even though it may be erroneous.
 Order Removing Guardian ad litem
 [4] The removal of a guardian ad litem is within the sound discretion of the trial court. [5] Here, the court found that there is a conflict between the interests of Bonnie Middlecoff and the interests of the incompetent which could seriously affect her duties as guardian ad litem. The finding is amply supported by the record, and the order terminating her authority and capacity as guardian ad litem was proper.
 Dismissal as to Bonnie Middlecoff
 Plaintiffs urge, as ground for reversal, that the trial court was without any right or authority to dismiss the contest of the codicil. They cite no case authority to support their position and rely upon section 581 of the Code of Civil Procedure and upon statements contained in 54 California Jurisprudence 2d, Wills, section 593, pages 119, 120.
 This case does not involve a dismissal on a ground mentioned in section 581 of the Code of Civil Procedure. [6] The power of the court to dismiss is not limited to the grounds specified in sections 581-581b of the Code of Civil Procedure. *27 It is well recognized that those sections are not exclusive and the trial court has inherent power to dismiss an action which is clearly shown to be sham and without merit. (McKenna v. Elliott & Horne Co., 118 Cal.App.2d 551 [258 P.2d 528]; Utz v. Aureguy, 109 Cal.App.2d 803, 806 [241 P.2d 639]; Cunha v. Anglo Cal. Nat. Bank, 34 Cal.App.2d 383, 388 [93 P.2d 572]; Helvey v. Security-First Nat. Bank, 99 Cal.App.2d 149, 151 [221 P.2d 257]; People v. Jefferds, 126 Cal. 296 [58 P. 704]; Lincoln v. Didak, 162 Cal.App.2d 625 [328 P.2d 498].)
 As to Bonnie Middlecoff, individually, defendant bases his position that dismissal of the codicil contest should be affirmed on the ground that she cannot bring herself within the purview of section 380 of the Probate Code as "any interested person" so as to maintain the codicil contest. The cases have defined an interested person as "... one who has 'such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside' (Estate of Land, 166 Cal. 538 [137 P. 246])." (Estate of Plaut, 27 Cal.2d 424, 425-426 [164 P.2d 765, 162 A.L.R. 837]; Estate of Harootenian, 38 Cal.2d 242, 248 [238 P.2d 992].)
 The only interest of Bonnie Middlecoff, individually, as disclosed by the petition to contest, is an allegation upon information and belief that there existed a prior codicil, the date and contents of which are unknown, except that she claims she was a named legatee. Her deposition discloses that she was a stranger to the blood of decedent; that she never met decedent; that she did not know of her own knowledge that she had been named as a legatee in any codicil or other testamentary instrument; that she had never seen a codicil naming her as a legatee; that she suspected she might be named as a legatee; and that her only knowledge of the matter consisted of hearsay statements made to her and to her husband by Henry Hubbard Middlecoff. No other evidence is available. [7, 8] It is clear that Bonnie Middlecoff is not a "person interested" within the meaning of section 380 of the Probate Code, so as to maintain the codicil contest. She has shown no interest to be impaired or defeated if the codicil is set aside. The trial court did not err in dismissing the contest as to her.
 Prejudicial error is next claimed in that the order of dismissal was entered without a hearing on the merits. As stated in Estate of Robinson, 192 Cal.App.2d 847, 851 [13 Cal.Rptr. 842, 844], "But where, as here, the interest of the beneficiary under the earlier will is expressly challenged, the court may nevertheless require such person to establish her *28 interest before proceeding to the trial of the contest she has initiated. (Estate of Land, 166 Cal. 538, 540 [137 P. 246]; Estate of Wickersham, 153 Cal. 603, 612 [96 P. 311]; Estate of Edelman, 148 Cal. 233, 236 [82 P. 962, 113 Am.St.Rep. 231].)" The court may require proof of the contestant's interest before proceeding with the trial of the contest. (Estate of Plaut, supra, 27 Cal.2d 424; Estate of Sherwood, 123 Cal.App.2d 209 [266 P.2d 580].) In the present case, the motion to dismiss expressly challenged the interest of Bonnie Middlecoff. The court, having found that she had no interest, did not err in entering the order of dismissal as to her.
 Dismissal as to Robert Fitch Middlecoff
 As to the contest initiated on behalf of Robert, the situation differs. [9] He is a son and heir at law of the decedent and is named as a beneficiary in her will. Under the will, one-half of the residue was devised and bequeathed to a bank, in trust, for his benefit. Under the codicil, he is entitled to receive only so much of the income as is necessary for his support during his lifetime. He has an interest which would be impaired by the probate of the codicil and benefited by setting it aside. Therefore, he is an interested person who may contest a will.
 The record does not clearly disclose the ground upon which the motion to dismiss Robert's contest was made, nor does the record disclose the ground upon which the order of the court was predicated. Looking to the arguments advanced by defendant on this appeal, both by brief and in oral argument, it appears that he predicated his motion to dismiss upon the ground that the contest was sham or fictitious and without merit. In the case of Byer v. Arguello, 94 Cal.App.2d 110, 111 [210 P.2d 328], it was said: "Courts have inherent power to dismiss actions upon the grounds that they are fictitious or sham. Such a motion to dismiss is proper practice, but in each case the question arises whether the specific facts presented to the court constitute grounds for an order of dismissal. (Cunha v. Anglo California Nat. Bank, 34 Cal.App.2d 383 [93 P.2d 572].)" In the present case the petition and affidavit in support of the motion contain allegations concerning the personal interest and conduct of Bonnie Middlecoff and, by fair implication, bad faith on her part may be inferred. There is no charge, either express or implied, that the contest of the incompetent himself is without merit. The court made no finding in this respect. All pertinent findings relate to the actions of Bonnie Middlecoff. *29
 It is true that in deposition, Bonnie testified that after receiving advice from her personal attorney she had Robert examined by a physician to determine whether he was competent to execute a will, and she subsequently took him to the office of her personal attorney where he executed a will under which she and her then husband would each receive one-third of Robert's estate. She also deposed that she procured copies of the will and codicil in issue here, had her attorney examine them, then told Robert he was disinherited and he requested her to file the contest. From this testimony it clearly appears that the contest, as to Bonnie Middlecoff, may well have been motivated by hope of personal gain and was entirely devoid of merit, but that lack of merit may not be ascribed to the contest of Robert. There is nothing in the record which shows that his contest was sham or fictitious or without merit.
 Defendant points to the fact that the motion and supporting affidavit were served on plaintiffs prior to hearing. He argues, and the court found, that plaintiffs knew the nature of the evidence defendant would seek to introduce and had full opportunity to file counteraffidavits or introduce evidence, which they failed to do. The argument is without merit. [10] The motion to dismiss and supporting affidavit tendered no issue as to Robert and therefore no counteraffidavits or evidence were required. The order of dismissal as to Robert constituted error and must be reversed.
 Failure to Serve Proposed Findings
 [11] Defendant lastly argues that although the order contained purported findings of fact, proposed findings were not served upon him. As was stated in Estate of Rosland, 76 Cal.App.2d 709, 711 [173 P.2d 830], "Section 634 of the Code of Civil Procedure is merely directory and the fact that proposed findings were not served on appellant five days before they were signed does not impair the validity of the judgment. [Citations.] Service of findings is not required where the court does not direct their preparation by either party. ..." And, in Chamberlain v. Wakefield, 95 Cal.App.2d 280, 292 [213 P.2d 62], "That section is directory and not mandatory." In the present case the court did not direct the preparation of findings by either party, and prior service of proposed findings was unnecessary. There was no prejudicial error in this respect.
 [12] It is obvious that Henry Hubbard Middlecoff, the general guardian of Robert Fitch Middlecoff, has an adverse *30 interest to the incompetent; that he is therefore disqualified to act for him; and that an independent and qualified guardian ad litem should be appointed by the trial court pursuant to the provisions of subdivision 3 of section 373 of the Code of Civil Procedure.
 The order dismissing the contest of Robert Fitch Middlecoff is reversed and the court is directed to appoint a person other than Bonnie Middlecoff as guardian ad litem for purpose of further proceedings. In all other respects, the order is affirmed.
 The prevailing parties, Henry Hubbard Middlecoff as Executor of the Estate of Eliza H. Emery, and Robert Fitch Middlecoff, respectively, shall recover costs on appeal.
 Conley, P. J., and Stone, J., concurred.