Filed 2/3/15   R.L.  v. Taylor CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| R.L., a Minor, etc., et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>KENT TAYLOR et al.,<br><br>        Defendants and Respondents. | A141311<br><br>(Contra Costa County<br>Super. Ct. No. MSC12-00901) |

Minor R.L. appeals from the trial court's order substituting her mother as guardian ad litem and dismissing her personal injury action.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, five-year-old R.L. was allegedly injured at her mother's rented home when an iron gate fell onto her.  In April 2012, R.L., acting through her father as guardian ad litem, filed a lawsuit against her mother's landlord, Kent Taylor and Kent Taylor Construction, Inc. (collectively Taylor), alleging negligence and strict liability causes of action.  The complaint alleged that R.L. lived "part-time" with her mother.  Taylor answered the complaint, asserting mother's and father's contributory negligence and assumption of the risk as affirmative defenses.

In October 2013, R.L.'s mother, represented by Taylor's trial counsel, filed a motion seeking to terminate father as guardian ad litem and dismiss the complaint.  In support of the motion, R.L.'s mother submitted a declaration stating that she and R.L.'s father were divorced, she had recently obtained sole legal and physical custody of R.L., and she objected to prosecution of the lawsuit.  Specifically, R.L.'s mother stated that she

1

did "not believe that [Taylor] was at fault with regard to the fence and the accident" and did not wish R.L., who was the only witness to the accident, to be subject to trauma from testifying at trial.

After opposition and a contested hearing, the trial court granted the motion. The trial court's order provides: "The motion to discharge [father] as Guardian Ad Litem for his daughter . . . and to replace him with [mother], and *thereafter* to dismiss the case at [mother's] request is granted. In addition to all of the pleadings submitted regarding this mater, *the court also relied heavily on the oral presentation made by* [*mother*] at the time of the hearing in reaching this decision. It is clear that [R.L.'s] parents are involved in a long standing, high conflict divorce proceeding and custody battle. This matter was filed over the vocal objections of [mother], who genuinely believes that the added stress suffered by her daughter caused by this litigation has caused [R.L.] harm. It is undisputed from the family law records that [*mother*] *currently has sole legal and physical custody of* [*R.L.*] *As such she has the sole right to decide whether to proceed with this litigation*. Motion granted and this case is dismissed without prejudice." (Italics added.) R.L. filed a timely notice of appeal.[1]

## II. Discussion

"A minor who is a party in a lawsuit must appear ' "by a guardian ad litem appointed by the court in which the action or proceeding is pending . . . ." (Code Civ. Proc., § 372, subd. (a) . . . .)' [Citations.] If the minor is under 14 years old and is a plaintiff, 'the appointment must be made before the summons is issued, upon the application of . . . a relative or friend of the minor.' (Code Civ. Proc., § 373, subd. (a) . . . .) . . . A court has broad discretion in ruling on a guardian ad litem application. [Citation.] ' "In the absence of a conflict of interest . . . , the appointment is usually made

---

[1] "An order terminating the authority and capacity of a guardian ad litem, standing alone, is nonappealable. [Citations.]" (*Estate of Emery* (1962) 199 Cal.App.2d 22, 26, italics omitted.) But when the trial court incorporates the order of removal in the final judgment of dismissal, an appeal lies from that dismissal and "the authority of the guardian ad litem continue[s] for the limited purpose of . . . appeal." (*Ibid.,* italics omitted; see also *In re Marriage of Lloyd* (1997) 55 Cal.App.4th 216, 219–220.)

2

on application only and involves little exercise of discretion." ' [Citation.] [¶] The purpose of a guardian ad litem is to protect the minor's interests in the litigation. [Citations.] A guardian ad litem is not a party to the action, but is the party's representative and is an officer of the court. [Citations.] . . . ' "[A] guardian ad litem's role is more than an attorney's but less than a party's. The guardian may make tactical and even fundamental decisions affecting the litigation but always with the interest of the guardian's charge in mind. . . ." ' Thus, when considering the appropriate guardian ad litem for a minor plaintiff in a civil lawsuit, the central issue is the appropriate protection of the minor's legal right to recover damages or other requested relief." (*Williams v. Superior Court* (2007) 147 Cal.App.4th 36, 46–47.)

R.L. contends that the trial court "misapplied the law" in removing father as guardian ad litem and substituting mother. According to R.L., the issue before us is a question of law, subject to de novo review. Taylor, on the other hand, argues in favor of the abuse of discretion standard. R.L. is correct that "[m]atters presenting pure questions of law, not involving the resolution of disputed facts, are subject to the reviewing court's independent or de novo review." (*Diamond Benefits Life Ins. Co. v. Troll* (1998) 66 Cal.App.4th 1, 5.) However, this is not such a question. The decision to appoint or remove a guardian ad litem is within the discretion of the trial court. (*Williams v. Superior Court, supra,* 147 Cal.App.4th at p. 47; *D.G. v. Superior Court* (1979) 100 Cal.App.3d 535, 546; *Estate of Emery, supra,* 199 Cal.App.2d at p. 26.) "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, *all of the circumstances before it being considered*. [Citations.] We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court. [Citations.]" (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598, italics added.) However, " '[a] decision "that transgresses the confines of the applicable principles of law is outside the scope of discretion" and is an abuse of discretion. [Citation.]' [Citation.]" (*Kayne v. The Grande Holdings Limited* (2011) 198 Cal.App.4th 1470, 1475.)

3

We cannot consider all of the circumstances before the trial court on the guardian ad litem question because R.L. has not presented a reporter's transcript, or any substitute, from the hearing. It is a cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) And the appellant has the burden of providing an adequate record for review. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.) "In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' [Citations.]" (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) The trial court made clear that, in determining who should serve as guardian ad litem, it relied on mother's "oral presentation" at the hearing on the motion. Without a record of that presentation, we are compelled to affirm. (See, e.g., *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 185–187 & fn. 3.)

Moreover, even if we were to agree with R.L. that her appeal does not challenge the court's factual determination regarding the appropriate guardian ad litem but merely challenges "the court's legal conclusion that because [mother] had sole legal and physical [custody] she had the sole right to decide whether to proceed with this litigation," she has not demonstrated any error. A parent has "the right to determine if and when their child should bring a civil lawsuit." (*Williams v. Superior Court, supra,* 147 Cal.App.4th at p. 52, relying on *Aronson v. Superior Court* (1987) 191 Cal.App.3d 294.) R.L. has not shown that the trial court erred, at the time the case was dismissed, in concluding that mother—having sole custody and having been substituted as the guardian ad litem—had the sole right to decide whether to proceed with the litigation. (See Fam. Code, § 3006

[" '[s]ole legal custody' means that one parent shall have the right and the responsibility to make the decisions relating to the health, education, and welfare of a child"].)

## III. DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.


_____
BRUINIERS, J.


WE CONCUR:


_____
JONES, P. J.


_____
NEEDHAM, J.