Filed 11/30/22; Certified for Partial Pub. 12/22/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BENJAMIN TZE-MAN CHUI, as Trustee, etc., et al., <br><br>     Plaintiffs, <br><br>     v. <br><br> CHRISTINE CHUI, <br><br>     Defendant; <br><br> JACQUELINE CHUI et al., <br><br>     Appellants; <br><br> JACKSON CHEN, as Guardian, etc., <br><br>     Respondent. | B308574 <br><br> (Los Angeles County <br> Super. Ct. No. BP154245) |

    APPEALS from an order of the Superior Court of Los Angeles County, Gus T. May, Judge.  Dismissed in part and reversed in part with directions.

    Law Offices of Michael S. Overing, Michael S. Overing and Edward C. Wilde for Appellant Jacqueline Chui.

Ambrosi & Doerges and Mary E. Doerges for Appellant Michael Chui.

Hinojosa & Forer, Jeffrey Forer and Shannon Burns for Respondent Jackson Chen, as Guardian, etc.

———————————————

Jacqueline and Michael Chui are beneficiaries of a trust.[1] When they were 10 years old and 8 years old, respectively, the probate court appointed Jackson Chen to act as their guardian ad litem in connection with litigation concerning the trust.[2] When they were 17 years old and 16 years old, respectively, they retained attorneys and filed petitions to remove Chen as their guardian ad litem. Chen responded by filing motions to strike the petitions and disqualify Jacqueline's and Michael's attorneys. The court granted the motions to disqualify the attorneys and struck the removal petitions.

Jacqueline and Michael appealed. In the meantime, they reached the age of majority and the trial court has permitted them to appear in proceedings with their retained counsel. Chen, however, continues to act as their guardian ad litem.

We conclude that the appeals from the order granting the disqualification motions are moot. We reverse the orders striking

—————————

[1] To avoid confusion and to enhance the opinion's readability, we will refer to the individuals by their first names. We mean no disrespect.

[2] The probate and trust litigation is described in a partially published opinion this court filed in March 2022. (*Chui v. Chui* (2022) 75 Cal.App.5th 873 (*Chui*), petns. for cert. pending, petns. filed Sept. 12, 2022, 22-251, 22-253 & Sept. 13, 2022, 22-247.)

the removal petitions and, because the statutory authorization for Chen's appointment terminated when Jacqueline and Michael became adults, we direct the court to terminate the appointment forthwith.

## FACTUAL AND PROCEDURAL SUMMARY

### A. *Background*

In October 2012, Esther Chao filed a petition in the probate court concerning a trust established by her parents, King Wah Chui and Chi May Chui. Jacqueline and Michael are two grandchildren of the trust settlors and among the beneficiaries of the trust. Their mother is Christine Chui.

In March 2013, when Jacqueline was 10 years old and Michael was 8 years old, the court appointed Chen as the guardian ad litem for them because they were minors.

In May 2018, Esther, Christine, and the trustees of the trust resolved disputes among them in a settlement agreement, the terms of which were set forth orally in court. The agreement was subject to approval by Chen, as Jacqueline's and Michael's guardian ad litem, and, because the agreement compromised claims the minors held, also required the court's approval. (Code Civ. Proc., § 372.) The settlement terms were subsequently set forth in a writing, which Chen approved.

Disputes arose concerning the validity and enforceability of the settlement agreement. Christine, Jacqueline, and Michael disapproved of the agreement and filed documents purporting to repudiate it. According to Jacqueline and Michael, Chen never met or spoke with them or sought their input concerning the agreement.

3

On March 3, 2020, the trial court resolved the disputes in an order granting Chen's petition for approval of the written agreement. In its ruling on the petition, the court rejected the ostensible repudiations of the agreement and stated that "Chen, as [guardian ad litem], has exclusive authority to act for the [m]inors in litigation."

Christine, Jacqueline, and Michael, each represented by different attorneys, appealed from the court's March 3, 2020 order. (*Chui v. Chui* (Mar. 3, 2022, B306918).)

On May 15, 2020, Chen filed a petition in the trial court for approval of his and his counsel's fees.

On June 15, 2020, Jacqueline, represented by the Law Offices of Michael S. Overing (the Overing firm), filed a petition in the trial court on Jacqueline's behalf to remove Chen as her guardian ad litem. The next day, Michael, represented by the Law Offices of Angela Hawekotte (the Hawekotte firm), filed a petition to remove Chen as his guardian ad litem. On October 1, 2020, the Overing firm, on behalf of Jacqueline, and the Hawekotte firm, on behalf of Michael, filed amended petitions to remove Chen. (We refer to the amended petitions as the removal petitions.) At the time they filed the removal petitions, Jacqueline was 17 years old and Michael was 16 years old.

According to the removal petitions, Jacqueline and Michael are competent and have "no further need for a guardian." They further asserted that Chen had breached his duties toward them as a guardian ad litem, had conflicts of interest, and had "taken overt actions in court pleadings against" them.

On June 24, 2020, in an order concerning issues unrelated to the disqualification motions and the removal petitions, the court noted the then-recent filing of the original removal petitions

4

and stated: "[A] minor is unable to hire an attorney. It is unclear how [the Overing and Hawekotte firms] can represent these minor children. Neither has sought this [c]ourt's consent to do so."

Chen responded to the removal petitions by filing demurrers and anti-SLAPP motions to strike the petitions.

On July 31, 2020, Chen also filed a motion to recuse, disqualify, or remove the Overing firm as counsel for Jacqueline; and, on August 26, 2020, a similar motion to recuse, disqualify, or remove the Hawekotte firm from representing Michael. (We refer to these motions as the disqualification motions.)

Chen based the disqualification motions on the following grounds: (1) Jacqueline and Michael are unemancipated minors; (2) the Overing and the Hawekotte firms were retained by Christine, who has a conflict of interest with Jacqueline and Michael; and (3) the actions taken by the Overing and Hawekotte firms are sanctionable under Code of Civil Procedure section 128.7.

Between June 15 and October 16, 2020, the parties filed numerous documents in support of and in opposition to the removal petitions and the disqualification motions.

On October 20, 2020, the court granted the disqualification motions. The court explained: "[U]nder [Code of Civil Procedure section] 372, minors can only appear through the guardian ad litem[,] who the court has previously appointed to represent them in this matter. The court further notes that the bench officer previously assigned to this matter ruled on March 3rd, 2020 that the guardian ad litem has exclusive authority to act for the minors in this litigation and further, that Family Code section 6602 makes it clear that a contract for attorneys['] fees

5

made by or on behalf of a minor is void unless it is approved by the court."[3]  The court also struck the removal petitions without ruling on their merits, and struck Chen's demurrers and the anti-SLAPP motions to the removal petitions as moot.

The court appointed separate counsel to represent Michael and Jacqueline for the limited purpose of reviewing and responding to Chen's petition for fees.

Jacqueline and Michael filed timely notices of appeal from the October 20, 2020 order.

## B.    *Post-Appeal Events*

As noted above, Jacqueline and Michael, through counsel, filed notices of appeal from the March 3, 2020 order approving of the settlement agreement.  (*Chui v. Chui, supra*, B306918.) Chen then moved this court to dismiss Jacqueline's and Michael's appeals because he "is the only person who properly represents the [m]inors, and he does not approve of or authorize [the] appeal[s]."  On March 22, 2021, we summarily denied Chen's motion and permitted Jacqueline and Michael to prosecute their appeals.[4]

---

[3] During the hearing on the disqualification motions, counsel for Christine asked the court to "clarify" that "these orders would cease" as to Jacqueline when she turns 18 years of age and she "would no longer need a [guardian ad litem] or a court[-]appointed attorney."  The court responded that it was "not making that ruling" and was "only ruling on what's before [the court] today."

[4] We grant Michael's unopposed request to take judicial notice of our March 22, 2021 order, of our remittitur, and opinion. (See *Chui v. Chui, supra*, B306918.)

On March 4, 2021, the trial court granted Chen's ex parte application authorizing him to file a respondent's brief in connection with the appeal in *Chui v. Chui, supra*, B306918. The court rejected Jacqueline's argument that the court "ha[d] no choice but to remove" Chen as her guardian ad litem upon her 18th birthday, which was to occur four days hence. The court, citing Probate Code section 2627, subdivision (b),[5] explained that "a court appointment in such circumstances does not expire upon a minor reaching the age of majority. . . . Rather, representation terminates when the court discharges [the guardian ad litem]."

Five days later, on March 9, 2021—the day after Jacqueline's 18th birthday—the Overing firm filed on her behalf an ex parte application for clarification of the trial court's March 4 order. Jacqueline argued that Chen's appointment as her guardian ad litem "necessarily lapse[d]" when she reached the age of majority. Probate Code section 2627, she explained, is concerned with "the guardian of an estate," and "has nothing to do with the appointment of a . . . guardian ad litem for an adult." The court denied Jacqueline's application, explaining that its March 4 order "was simply confirming [guardian ad litem] Chen's understanding that he remains the appointed [guardian ad litem] as to both Jacqueline and Michael."

On March 2, 2022, this court issued its opinion in *Chui v. Chui, supra*, B306918. (See *Chui, supra*, 75 Cal.App.5th 873, petns. for cert. pending [affirming the court's March 3, 2020 rulings].)

---

[5] Probate Code section 2627, subdivision (b) provides: "Except as otherwise provided by this code, a guardian is not entitled to a discharge until one year after the ward has attained majority."

7

On May 22, 2022, Michael turned 18 years of age.

On July 14, 2022, we issued our remittitur in *Chui v. Chui, supra,* B306918. The next day, we informed the parties that we are considering dismissing the instant appeal as moot, and requested the parties brief the issue. We have received and considered supplemental briefs from Jacqueline and Michael, who argue that the appeal is not moot. Chen did not file a supplemental brief.

In connection with Michael's supplemental brief, he requests judicial notice of a probate court order filed on March 30, 2022—while Michael was 17 years old—which states that the Hawekotte firm and its attorneys "remain disqualified from representing Michael pursuant to the [c]ourt's order on October 20, 2020 . . . and are not authorized to participate in any [t]rust-related proceedings on behalf of Michael until he turns 18 years old, at which time he may retain his own counsel. Jackson Chen remains guardian ad litem for Michael pending further order of the [c]ourt."[6] (Italics omitted.) This order was issued approximately two months prior to Michael's 18th birthday.[7] According to Michael, this ruling has the effect of "modifying [the court's] prior order disqualifying Michael's counsel to expire at the time Michael turns 18 [years]" and Michael "is now entitled to retain his own lawyers."

---

[6] Christine, Jacqueline, and Michael have appealed from the March 30, 2022 order. (*Chui v. Chui* (B321374, app. pending).)

[7] We grant Michael's unopposed request for judicial notice of the court's March 30, 2022, for the purposes of determining whether this appeal is moot.

8

Michael further states that "the [t]rial [c]ourt realized its error in disqualifying Jacqueline['s] and Michael's counsel" and "has allowed Michael['s] and Jacqueline's law firms disqualified by the [t]rial [c]ourt to be heard or advocate for Michael and Jacqueline actively at many hearings for the past [two] years."

Regarding Jacqueline, who was then 19 years old, the probate court's March 30, 2022 order states: "Regarding the question of who is representing Jacqueline Chui, the [c]ourt finds that the existing order appointing Jackson Chen as [guardian ad litem] remains in place and he is to continue to serve in that capacity until discharged by the [c]ourt. Nevertheless, the [c]ourt finds that since [Jacqueline] is 18 years old, she has the ability to retain independent counsel and the [c]ourt recognizes that she has retained [counsel]."

In her supplemental brief, Jacqueline does not indicate that the court is currently denying her the right to retain and appear in court through counsel.[8] She states, however, that the probate court has "recently renewed Chen's role as her [guardian ad litem]" and "has continued to impose a [guardian ad litem] upon Jacqueline well[ ]after she reached majority. Even though

---

[8] At oral argument in this case, the attorneys for Jacqueline and Michael each stated that they agreed with our tentative ruling that the appeals from the order granting the disqualification motions are moot. Counsel for Jacqueline stated, however, that the trial court subsequently erroneously precluded Jacqueline and Michael from being represented by counsel of their own choosing in opposing Chen's fee petition. The ruling on Chen's fee petition is the subject of another pending appeal. (*Chui v. Chui* (B310325, app. pending).) As we note below, we express no view on this issue in this opinion.

9

Jacqueline is now 19 years of age, . . . the trial court reaffirmed its order and reappointed Chen as her [guardian ad litem]."

## DISCUSSION

### A. *Mootness*

It is " 'the duty of this court, as of every other judicial tribunal, . . . to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the [respondent], an event occurs which renders it impossible for this court, if it should decide the case in favor of [appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 862–863, quoting *Mills v. Green* (1895) 159 U.S. 651, 653.)

Here, the trial court made two orders on October 20, 2020 pertinent to this appeal: (1) an order granting Chen's disqualification motions; and (2) an order striking Jacqueline's and Michael's removal petitions.

Based on our review of the record and the supplemental briefs submitted by Michael and Jacqueline, we conclude that the appeals from the order granting Chen's disqualification motions are moot. As a result of the order granting the disqualification motions, Jacqueline and Michael were precluded from appearing in the underlying proceedings through counsel of their choosing. Michael informs us that, on March 30, 2022, the court issued an order permitting Jacqueline "to retain independent counsel,"

10

which she has done, and permitted Michael to "retain his own counsel" upon turning 18 years of age. In his supplemental brief, which was filed after Michael turned 18 years old, Michael states that the court's March 30, 2022 ruling has the effect of "modifying [the court's] prior order disqualifying Michael's counsel to expire at the time Michael turns 18 [years]" and Michael "is now entitled to retain his own lawyers."

Michael further states that, after our March 2021 ruling in *Chui v. Chui*, *supra*, B306918, denying Chen's motion to dismiss Jacqueline's and Michael's appeals in that case, the trial court has allowed the Overing and Hawekotte firms to advocate for them and to participate in hearings during the preceding "two years." The March 30, 2022 order supports this statement by reciting that counsel for Jacqueline and Michael were permitted to submit briefs and appear on their behalf in court at the hearing related to the March 30, 2022 order.

Jacqueline's supplemental brief on the question of mootness focuses on the court's ongoing "impos[ition]" of a guardian ad litem "upon" Jacqueline, and does not address her present ability to retain counsel. She does not disagree with Michael's statements concerning the effect of the court's March 30, 2022 order and her ability to retain and appear in the proceeding through counsel. Nor does Chen, who did not file a response to Michael's supplemental brief, indicate any disagreement with Michael's statements.

If we reversed the order disqualifying Jacqueline's and Michael's counsel, we would allow Michael and Jacqueline to retain and be represented by counsel of their choosing in the underlying proceeding. It appears from the supplemental briefs, however, that Jacqueline and Michael are now—and have been

11

for some time—permitted to do so. There is thus no further effective relief on this issue we can grant with respect to the disqualification orders. Therefore, the appeals are, to that extent, moot.[9]

Turning to the order striking the removal petitions, it does not appear from our record or the supplemental briefs that the appeals from that order are moot. The March 30, 2022 order states that "Chen remains guardian ad litem for Michael pending further order of the [c]ourt" (italics omitted), and that Chen's appointment as Jacqueline's guardian ad litem "remains in place" until he is "discharged by the [c]ourt." We have not been informed of any further order on the subject. According to Jacqueline's supplemental brief, although she is 19 years old, the court continues "to impose a [guardian ad litem] upon [her]."

We further note that Chen has filed a respondent's brief in this appeal and appeared (through counsel) at oral argument in his capacity as guardian ad litem. He asserted that he should continue as guardian ad litem for two purposes: to seek recovery of his fees; and, in the event the United States Supreme Court reverses this court's judgment in *Chui v. Chui, supra*, B306918, to preserve the settlement until there is a final decision.

We therefore conclude that the instant appeals are not moot to the extent they challenge the order striking the removal petitions.

---

[9] In concluding that the order disqualifying Jacqueline's and Michael's counsel is moot, we express no view as to whether the denial of the right to counsel of their choosing in connection with Chen's petition for approval of his and his counsel's fees constituted prejudicial error in the court's ruling on that petition.

## B.   *The Removal Petitions*

At the time Chen's disqualification motions were heard on October 20, 2020, a hearing on Jacqueline's and Michael's removal petitions was scheduled to take place on November 6, 2020.  When the court granted the disqualification motions on October 20, it advanced the hearing date on the removal petitions to that date and ordered the removal petitions stricken.  Although the court did not explain its reasoning for striking the removal petitions, it appears that it did so solely because the court had disqualified the attorneys who had filed the removal petitions on behalf of Jacqueline and Michael.  The court did not, therefore, address the merits of the removal petitions.

Jacqueline and Michael contend that the court erred in striking the petitions.  We agree.

The Probate Code provides for the appointment of guardians ad litem (Prob. Code, § 1003), but includes no substantive or procedural provisions governing their removal.  Courts have, however, allowed interested persons to petition to remove a guardian ad litem, and Chen does not dispute that right.  (See *Estate of Emery* (1962) 199 Cal.App.2d 22, 25−26; accord, *Estate of Lacy* (1975) 54 Cal.App.3d 172, 185.)[10] Although we have not been referred to a case in which a minor ward has petitioned for removal of his or her guardian ad litem, we find support for such a rule in the provisions of the Guardianship-Conservatorship Law.  (Prob. Code, § 1400 et seq.)  Probate Code section 1601 provides for the removal of a guardian

---

[10] We note that Chen successfully petitioned the trial court to remove Christine (Jacqueline and Michael's mother) as guardian ad litem in the underlying trust litigation.

13

of the minor's person or estate "[u]pon petition of . . . the minor ward," among others.  (Prob. Code, §§ 1600, 1601; see also Prob. Code, § 2651 [a "ward or conservatee" may petition for removal of a guardian or conservator].)  We can see no reason why a minor ward who can petition for the removal of his or her guardian of the person or estate should not be permitted to seek the removal of his or her guardian ad litem in proceedings under the Probate Code.[11]  Indeed, to hold otherwise could effectively preclude a minor from bringing to the court's attention a guardian ad litem's conflicts of interest or failures to fulfill duties owed to the ward or the court.  We therefore conclude that minors for whom a guardian ad litem is appointed may petition for removal of the guardian ad litem.  (See *Guardianship of Gilman* (1944) 23 Cal.2d 862, 864 ["[t]he rule that a person under disability must appear by general guardian, or guardian *ad litem,* does not apply to a case where the very question involved is the validity of the order of guardianship itself"].)

If, as we hold, a minor capable of making informed decisions can petition the court for removal of a guardian ad litem, it follows that the minor has the right to have counsel assist with such a petition and to appear on the minor's behalf in court to advocate for the petition.  (See *Mendoza v. Small Claims Court* (1958) 49 Cal.2d 668, 673 ["[t]he right to a hearing includes the right to appear by counsel"].)  We therefore conclude that a minor capable of making informed decisions has the right to

---

[11] As Jacqueline points out, precluding a minor from petitioning to remove a guardian ad litem would create an irrational anomaly in that a minor is permitted to petition for emancipation from the minor's parents (Fam. Code, § 7120, subd. (a)), but not to be "emancipated" from a guardian ad litem.

petition for the removal of a guardian ad litem and to appear in court with the aid of retained counsel for that purpose. Thus, the trial court's striking of the petitions for removal on the ground that the petitions were filed by Jacqueline's and Michael's chosen counsel is error.[12] We emphasize that our holding is limited to the right of a minor to have independent counsel in connection with a petition for the removal of his or her guardian ad litem. We express no view as to whether or under what circumstances a minor for whom a guardian ad litem has been appointed may otherwise retain or be represented by counsel of their choosing.

Because the court struck the removal petitions without addressing the merits, we would ordinarily remand the matter so that the court could exercise its discretion in determining whether to grant the petitions in the first instance. (See *Estate of Emery*, *supra*, 199 Cal.App.2d at p. 26 [whether to remove a guardian ad litem is ordinarily a matter "within the sound discretion of the trial court"].) As we explain, however, because Jacqueline and Michael are no longer minors, there is no discretion to exercise with respect to whether Chen's appointment can continue; the law requires the termination of his appointment.

The only basis for appointing a guardian ad litem for Jacqueline and Michael was that they were minors. Although a

---

[12] The trial court stated that, under Family Code section 6602, a contract for attorney fees made by or on behalf of a minor is void unless approved by the court. This statute, however, merely governs the ability of an attorney to recover fees pursuant to a contract with a minor; it does not preclude a minor from retaining counsel or having his or her counsel represent them in court.

guardian ad litem may be appointed for other reasons, such as when a party is incapacitated (Prob. Code, § 1003, subd. (a)(2)), Chen does not assert that any such other reason exists here, and our record discloses none.

The fact that Jacqueline and Michael are both adults and yet Chen appears to continue to act as their guardian ad litem raises the question whether a guardian ad litem, appointed to represent minors, may continue in that position once his wards reach the age of majority. Although the parties do not refer us to California authority squarely addressing this point, we read the statutory authorization for the appointment of a guardian ad litem in proceedings under the Probate Code as authorization for maintaining such appointment only so long as the grounds for the appointment continue to exist. This is the rule in other jurisdictions that have addressed the issue, and Chen offers no authority or sound reason why the rule should be otherwise in this state. (See *Mason v. Royal Indemnity Co.* (N.D.Ga. 1940) 35 F.Supp. 477, 480 ["the authority of a guardian ad litem of an infant defendant to represent him in the conduct of a cause expires with the minority of the infant"]; *Maryland Casualty Co. v. Owens* (Ala. 1954) 74 So.2d 608, 611 ["it is well settled that the authority of a guardian ad litem of an infant defendant to represent him in the conduct of a cause expires with the minority of the infant"]; *Staggenborg v. Bailey* (Ky.Ct.App. 1904) 80 S.W. 1109, 1110 [duties of guardian ad litem are "terminated by the arrival of the infant at the age of majority"]; *West St. Louis Trust Co. v. Brokaw* (Mo.Ct.App. 1937) 102 S.W.2d 793, 795 ["the function and authority" of a guardian ad litem terminates when infant reaches the age of majority]; *Malik ex rel. O'Brien v. Malik* (N.Y.Sup.Ct. 2007) 15 Misc.3d 883, 888 ["guardian ad litem is

16

without authority to continue his representation of the former infant plaintiff" once the plaintiff "attained the age of her majority"]; *Spell v. William Cameron & Co.* (Tex.Ct.Civ.App. 1910) 131 S.W. 637, 638 [guardian ad litem's authority to represent an infant "expires with the minority of the infant"]; see generally 42 Am.Jur.2d (2022) Infants, § 159 ["[t]he authority of a . . . guardian ad litem to represent an infant in the conduct of a cause . . . expires with the minority of the infant"]; 6A Wright & Miller, Federal Practice and Procedure (3d ed. 2022) § 1570 [guardian ad litem's "power is dependent upon the continued disability of the person being protected" and once the disability has ended, the representative "loses authority to maintain the suit on behalf of the former infant or incompetent"]; cf. *In re Carl R.* (2005) 128 Cal.App.4th 1051, 1067 [appointment of court-appointed special advocate for dependent child necessarily ends when child is adopted].)

Because Jacqueline and Michael are adults and there is no other ground for continuing Chen's appointment as their guardian ad litem, the appointment must terminate.[13]

---

[13] On November 7, 2022, Michael filed a request for judicial notice of the enactment of Assembly Bill No. 1663 (2021–2022 Reg. Sess.) and four documents filed in the superior court in cases unrelated to the instant case. The referenced legislation and the court filings are not relevant to this appeal, and the request for judicial notice is denied.

## DISPOSITION

To the extent the appeals are from the order granting Chen's disqualification motions, the appeals are dismissed as moot.

To the extent the appeals are from the orders striking Jacqueline's and Michael's removal petitions, the orders are vacated and the court is directed to enter new orders terminating Chen's appointment as guardian ad litem of Jacqueline and Michael forthwith.

Appellants Jacqueline and Michael are awarded their costs on appeal.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

18

**CERTIFIED FOR PARTIAL PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BENJAMIN TZE-MAN CHUI, as Trustee, etc., et al., | B308574 |
| Plaintiffs, | (Los Angeles County Super. Ct. No. BP154245) |
| v. | |
| CHRISTINE CHUI, | CERTIFICATION AND ORDER FOR PARTIAL PUBLICATION |
| Defendant; | |
| JACQUELINE CHUI et al., | |
| Appellants; | |
| JACKSON CHEN, as Guardian, etc., | |
| Respondent. | |

THE COURT:

The opinion in the above-entitled matter filed on November 30, 2022, was not certified for publication in the Official Reports.  For good cause and pursuant to California Rules of Court, rule 8.1110, the opinion is certified for publication with the exception of part A. of the Discussion, and it is so ordered.

_____

ROTHSCHILD, P. J.         CHANEY, J.         BENDIX, J.